ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Kenneth T. Roberts Jeffrey Modisett

Roberts & Bishop Attorney General of Indiana

Indianapolis, Indiana 

Randi F. Elfenbaum

Deputy Attorney General

Indianapolis, Indiana

IN THE

SUPREME COURT OF INDIANA

MALCOM GOODNER, )

)

Appellant (Defendant Below), )

)

v. )  49S00-9608-CR-533

)

STATE OF INDIANA, )

)

Appellee (Plaintiff Below). )

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable Andrew Fogle, Magistrate

Cause No. 49G02-9510-CF-146324

SHEPARD, Chief Justice.

Malcom Goodner brings this direct appeal of his convictions for dealing in cocaine, a class A felony
(footnote: 1); possession of cocaine, a class C felony
(footnote: 2); and the finding that he is a habitual offender.  The court merged Goodner’s two cocaine convictions, sentencing him to thirty-five years for dealing in cocaine and adding thirty years for the habitual finding.

Goodner presents four issues for our review:

1) Whether the trial court erred in finding there was probable cause to issue a search warrant;

2)
 
Whether the court properly admitted a recording of his confession;  

3) Whether there was sufficient evidence that Goodner possessed the cocaine; and 

4) Whether there was sufficient evidence that Goodner intended to deliver the cocaine.

Facts

The Indianapolis Police Department received a tip from a confidential informant
 
that Goodner was dealing in cocaine.  The 
informant obtained this information during a visit to Goodner’s apartment, less than seventy-two hours before the October 6, 1995 search at issue.  While at Goodner’s residence, the informant observed Goodner in possession of a substance he represented as cocaine.  Goodner told the informant the cocaine was for sale.  This informant had provided reliable information culminating in  arrests on three other occasions.  Based on this information, a magistrate issued a search warrant for Goodner's home and for two suspects, Goodner and Timothy Hayes. 

On October 6, 1995, two officers executed the search warrant at Goodner’s residence.  A young boy greeted them at the door and allowed them entry.  Goodner was not home, but he arrived while the officers were searching the apartment.  The officers showed Goodner the search warrant, and Goodner agreed to help them search.  Goodner resided in the apartment with four others, and a fifth, Steve Evans, stayed periodically.  Goodner admitted they occasionally kept drugs in the apartment.  After searching through a bedroom closet and one other area, Goodner turned to a bedroom drawer.  He pulled out a ginseng bottle and removed all the pills, exposing several
 
bindles of crack cocaine in the bottom.  The cocaine was wrapped in nine individual bags and weighed a total of 8.2529 grams.  In the same drawer, the officers found Goodner’s Social Security card.  They also discovered a glass plate with residue on it
 
and sandwich bags.

 

The police arrested Goodner and took him to their roll call site.  They read Goodner his 
Miranda
 rights, and he signed a waiver.  Goodner then gave the police a taped statement in which he admitted the cocaine belonged to him and that he intended to sell it.  Goodner also explained his connection to Evans, admitting the two had been involved in drug deals over the past two to three months.
  
Goodner added that on this particular occasion Evans bought a half-ounce of cocaine for $500 and "fronted" a quarter ounce to Goodner for him to sell.  Goodner was expected to sub-divide and sell the cocaine, ultimately paying Evans cost of $250 for the quarter ounce taken on credit.  By the time of the search, Goodner had already made two sales. 

I.  Probable Cause for the Search Warrant

Goodner argues that the warrant authorizing the search of his home and person lacked probable cause.  Goodner claims the magistrate possessed too sparse a factual basis to find probable cause for issuing a warrant.

Goodner did not contest the finding of probable cause in the trial court
 through objections, motions to suppress, or otherwise.  He may not litigate the issue for the first time on appeal.  
Hester v. State
, 551 N.E.2d 1187, 1189-90 (Ind. Ct. App. 1990) ("Because the issue of whether probable cause supported the issuance of the search warrant was not raised by Hester prior to this appeal, he has waived it.")  

  

II. Admission of the Recorded Confession 

Goodner argues that admitting the cassette recording of his confession improperly presented evidence of his prior bad acts in violation of Indiana Rule of Evidence 404(b).  Goodner objects to the cassette because it contains taped statements referring to his criminal record and other illegal activities.  

Indiana Rule of Evidence 404(b) generally allows evidence of prior misconduct to be introduced unless such evidence is used to imply the defendant is of bad character or to infer the charged crime was committed in conformity with that character.  
Id.
  Ind.Evidence Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be
 
admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

A trial court is afforded broad discretion when ruling on the admissibility of evidence.  
Moore v. State
, 637 N.E.2d 816, 818 (Ind. 1994).  Absent a requisite showing of abuse, the trial court’s decision will not be disturbed.  
Id.

Goodner’s statements, which the trial court determined fell into several of Rule 404(b)’s exceptions, can be divided into three main categories: statements regarding his prior conviction, statements about his previous possession and dealing of cocaine 

with Evans,
 
and statements concerning his cocaine sales earlier in the week of his arrest.  

As for Goodner's claim concerning statements about his earlier arrests, the court granted Goodner’s motion in limine requesting his statements about his previous arrest be withheld from the jury. 

The record shows that those particular statements were not  admitted at trial.  
The
 court redacted those designated portions of the tape.   

Goodner’s statements concerning his cocaine possession and drug activities prior to his arrest were properly admitted not only to counter Goodner’s testimony indicating his purported intent to aid police in a set up operation of Evans, but also to demonstrate his intent to deliver the cocaine.  During trial, Goodner offered evidence that he worked as an informant for the police.  According to Goodner, however, no one told him that he had been deactivated.  He testified about calling Detective Poston a few months before his arrest to discuss Evans’ cocaine dealings.  Goodner tried to establish that he possessed the cocaine as part of a ploy to assist the police in arresting Evans.  Goodner’s recorded statements regarding his previous drug deals with Evans directly rebut his professed intent.  Goodner provides a specific contrary intent
 
within the meaning of 
Wickizer v. State
:  evidence may be used to show intent when defendant goes beyond merely denying the charge to affirmatively presenting a contrary intent.  
Wickizer v. State
, 626 N.E.2d 795 (Ind. 1993).  The trial court, therefore, correctly admitted his statements concerning his ongoing cocaine dealings with Evans.

Similarly, the trial court appropriately admitted Goodner’s statements regarding his two sales earlier that week.  Goodner’s statements concerning transactions that week, however, were part of a plan that encompassed the charged offense:  disposition of a
 
half-ounce of cocaine.  The concerns that led us in 
Wickizer
 to adopt a narrow construction of the intent exception do not appear applicable to evidence of acts that are part of the "plan" for the charged offense within the meaning of plan under Rule 404(b).
(footnote: 3)

The trial court properly admitted Goodner’s taped statement under the exceptions to Evid.R. 404(b).  

III.  The Evidence of Intent to Possess

Goodner claims the evidence is insufficient to show he had an intent to possess the cocaine. 

This Court has long-recognized that a conviction based on possession of narcotics may rest upon proof of either actual or constructive possession.  
Fyock v. State
, 436 N.E.2d 1089, 1096 (Ind. 1982)
.  
"Constructive possession is the intent and capability to maintain dominion and control over the illegal drugs."  
Fassoth v. State
, 525 N.E.2d 318, 323 (Ind. 1988).  The State does not need to prove actual physical possession to establish possession; proof of constructive possession is sufficient.  
Davenport v. State
, 464 N.E.2d 1302 (Ind. 1984).  Moreover, exclusive possession is not required.  
Johnson v. State
, 617 N.E.2d 559 (Ind. Ct. App. 1993).  The substance can be jointly possessed without a showing that the defendant had actual physical control.  
Id.
 

The circumstances lead to the conclusion that
 
Goodner possessed the cocaine.  During the search of the apartment, it was Goodner who discovered the cocaine hidden in a drawer at the bottom of 
a ginseng bottle, not the police.  A police officer then found Goodner’s Social Security card in the same drawer.  Goodner admitted the cocaine was his.  He also admitted splitting it with Evans, selling part earlier in the week, and intending to sell the 

rest.  This was more than sufficient evidence to prove Goodner had actual possession of the cocaine. 

IV.  The Evidence of Intent to Deliver

Goodner claims the State failed to establish his intent to deliver the cocaine.    

We do not reweigh the evidence or judge the reliability of the witnesses when assessing the sufficiency of the evidence on appeal.  
James v. State
, 265 Ind. 384, 354 N.E.2d 236 (1976).  Instead, the evidence is considered in a light favorable to the verdict, combined with any reasonable inferences which may be supported by that evidence.  
Id.

Intent is a mental state, and the trier of fact often must infer its existence from surrounding circumstances when determining whether the requisite intent exists.  
Mason v. State
, 532 N.E.2d 1169 (Ind. 1989).  Here, however,
 
the State provided the jury with direct evidence:  Goodner's admissions. 

The jury could also infer intent from the substantial amount of cocaine found in his apartment and from its individual packaging.
(footnote: 4)  Goodner possessed more than 8.25 grams of cocaine.  The cocaine, which was packaged in nine separate bags, was a larger amount than a cocaine user would generally keep for personal use.  The estimated street value was over $500.  Detective Canon testified he knew how cocaine is packaged and was familiar with the price of cocaine on the street.  He estimated that the individual bags would each sell for approximately eighty dollars, and Goodner himself referred to the bags as "fifties" in his recorded statement.  The amount of cocaine, its packaging, Goodner’s taped statements, and the detective's testimony are sufficient to prove Goodner's intent to deliver the cocaine.

Conclusion

Seeing no error, we affirm the judgment of the trial court.

Dickson, Sullivan, Selby, and Boehm, JJ., concur.

FOOTNOTES
1: 
Ind. Code Ann. § 35-48-4-1 (West Supp. 1996).

2: 
Ind. Code Ann. § 35-48-4-6 (West Supp. 1996).

3: 
Our concern that loose interpretation of the "intent" provisions of Rule 404(b) might defeat the purposes of the rule, 
Wickizer
, 626 N.E.2d at 799, derived from the fact that mental state is an element to be proven by the prosecution in "virtually every criminal case," 
id.
 at 797.  Other exceptions under 404(b) necessarily involve a different set of issues.  There is thus no reason to leap to the conclusion that the construction we gave to the intent exception in 
Wickizer
 applies to all the other listed exceptions.  
See
, 
e.g.
, 
Sundling v. State
, 679 N.E.2d 988, 993 (Ind. Ct. App. 1997) ("The exceptions in Evid.R. 404(b) are only available when a defendant goes beyond merely denying the charged crimes and affirmatively presents a specific claim contrary to the charge").

4: 
Possession of a substantial amount of narcotics constitutes circumstantial evidence of intent to deliver.  
Montego v. State
, 517 N.E.2d 74, 76 (Ind. 1987).  If the quantity is such that it could not be personally consumed or used, then an inference of a predisposition to sell can reasonably be drawn.  
Mason
, 532 N.E.2d at 1171.