VICTOR M. MEJIA, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 20A03-0907-CR-307.
Court of Appeals of Indiana.
January 29, 2010.
MARIELENA DUERRING, South Bend, Indiana, ATTORNEY FOR APPELLANT.
GREGORY F. ZOELLER, Attorney General of Indiana, GARY D. SECREST, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

NOT FOR PUBLICATION

MEMORANDUM DECISION
ROBB, Judge.

Case Summary and Issue
Following a jury trial, Victor Mejia was convicted of dealing in marijuana, a Class C felony, and resisting law enforcement, a Class A misdemeanor. Mejia appeals his conviction of dealing in marijuana, raising the single issue of whether sufficient evidence supports the conviction.[1] Concluding the evidence is sufficient, we affirm.

Facts and Procedural History
On February 15, 2004, Officer Dennis Russell of the Elkhart Police Department responded to a report of a possible burglary at 1410 Rice Street in Elkhart. When he arrived at the address, Officer Russell discovered a pick-up truck in the driveway with an individual, Miguel Villaruel, sitting in the driver's seat. Officer Russell approached the truck and Villaruel got out to speak with him. About that time, two other individuals, Mejia and Victor Solorio, appeared from the corner of the garage, saw Officer Russell, and ran off in the opposite direction as Officer Russell identified himself as a police officer and ordered them to stop. Officer Russell secured Villaruel in his police car and called for assistance. Officer Russell then went to look in the garage.
Officer Russell found the pedestrian door of the garage open and saw footprints leading from the garage in the direction Mejia and Solorio had run off. Officer Russell looked into the garage and saw a white Chevy Malibu with the trunk open. On the garage floor near the trunk, Officer Russell saw a black duffle bag and a black trash bag containing a green leafy substance later identified as marijuana. After obtaining a search warrant for the garage, police discovered 111 pounds of marijuana.
Near the crime scene, Officer Alan Williamson sat in his police car watching for the fleeing suspects. Officer Williamson saw Mejia come out of a wooded area. When Mejia saw the police car, he stepped back into the wooded area and lay down on his stomach. When Officer Williamson ordered Mejia to come out, he complied and was apprehended. Officer Chris Grathen arrived at the crime scene with his K-9 unit and observed footprints leading from the garage door northward into a wooded area. Officer Grathen tracked one set of footprints and apprehended Solorio hiding under some bushes. A set of keys to the Chevy Malibu in the garage was recovered from Solorio. Police also later determined the truck in the driveway belonged to Mejia.
The State charged Mejia with dealing in marijuana, a Class C felony, and resisting law enforcement, a Class A misdemeanor. A jury trial was held on April 21, 2009, after which the jury found Mejia guilty of both counts. The trial court held a sentencing hearing on May 14, 2009, and sentenced Mejia to an aggregate term of six years with the Department of Correction. Mejia now appeals.

Discussion and Decision

I. Standard of Review
In reviewing sufficiency of the evidence claims:
[we] must consider only the probative evidence and reasonable inferences supporting the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. [T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.
Drane v. State, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations and quotations omitted) (emphasis in original).

II. Possession with Intent to Deliver
The State alleged Mejia committed Class C felony dealing in marijuana by possessing over ten pounds of marijuana with the intent to deliver. See Ind. Code § 35-48-4-10(b)(2). Mejia argues insufficient evidence connects him to the marijuana discovered at the crime scene. A conviction for possession of contraband may rest upon either actual possession or constructive possession. Goodner v. State, 685 N.E.2d 1058, 1061 (Ind. 1997). Where, as here, the marijuana was not found on the person of the defendant, the State may prove its case under the theory of constructive possession. Id. "Constructive possession is the intent and capability to maintain dominion and control over the illegal drugs." Id. (quoting Fassoth v. State, 525 N.E.2d 318, 323 (Ind. 1988)). Exclusive possession is not required, and the substance can be jointly possessed without a showing the defendant had actual physical control. Id.
Proof of dominion and control of contraband may be found in a variety of circumstances, including: incriminating statements by the defendant; attempted flight or furtive gestures; a drug manufacturing setting; proximity of the contraband to the defendant; location of the contraband within the defendant's plain view; and the mingling of the contraband with other items owned by the defendant. Henderson v. State, 715 N.E.2d 833, 836 (Ind. 1999). Here, Mejia fled from Officer Russell immediately after seeing him despite Officer Russell's order to stop. In addition, both Officer Russell and Officer Grathen testified they observed footprints in the fresh snow leading out of the garage door in the direction Mejia and Solorio fled. From this evidence, the jury could infer Mejia had been inside the garage with the marijuana. Thus, proof of Mejia's dominion and control over the marijuana could be found in his attempted flight from police, his proximity to the marijuana, and the fact the marijuana would have been in his plain view while he was in the garage. Therefore, sufficient evidence supports a jury finding that Mejia constructively possessed the marijuana.
Mejia does not dispute the amount of marijuana recovered from the crime scene. Lieutenant Shawn Turner of the Elkhart County drug interdiction and covert enforcement unit testified as an expert witness that the amount of marijuana recovered by police and the accompanying materials were indicative of distribution activity rather than personal use. As a result, sufficient evidence establishes Mejia possessed over ten pounds of marijuana with the intent to deliver, and Mejia's conviction is affirmed.

Conclusion
Sufficient evidence supports Mejia's conviction of dealing in marijuana, a Class C felony.
Affirmed.
BAKER, C.J., and BAILEY, J., concur.
NOTES
[1] Mejia does not appeal his conviction of resisting law enforcement.