**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 02 2012, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

AARON M. SPICER,                                )
                                                )
    Appellant-Defendant,                        )
                                                )
            vs.                           )    No. 89A04-1111-CR-601
                                                )
STATE OF INDIANA,                               )
                                                )
    Appellee-Plaintiff.                         )

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-1009-FA-8

**August 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Aaron M. Spicer appeals his conviction for Class A felony dealing in cocaine. Spicer contends there is insufficient evidence to support his conviction because the State failed to prove that he had either actual or constructive possession of the cocaine and that he intended to deliver the cocaine. The State sufficiently proved the elements of dealing in cocaine, so we affirm Spicer's conviction.

## Facts and Procedural History

On September 11, 2010, Richmond Police Department Captain William Shake was conducting surveillance of the residence at 612 South 8th Street in Richmond after receiving reports of drug activity. Captain Shake saw a black Cadillac in the front of the house. He checked the license plate and saw that it was registered to Marla Spicer from Jeffersonville. Captain Shake also checked Spicer's driving status and found that Spicer's license was suspended with a prior conviction. Captain Shake parked his vehicle where he could observe the Cadillac. Meanwhile, Detective Mark Ward, who was assisting Captain Shake, was in the house next door to the residence and was positioned so he could see directly into the residence.

At approximately 8:00 a.m., Detective Ward saw a black male taking items off the kitchen table in the residence and putting them in a bag. Detective Ward then saw Spicer, who was carrying a plastic grocery bag, and another man, Jonathan Fonzer, walking from the house toward the Cadillac. Captain Shake saw Spicer and Fonzer get into the Cadillac and drive away. Captain Shake followed the car and intended to make a traffic stop since Spicer was driving and had a suspended license.

2

Captain Shake activated his emergency lights, but Spicer refused to stop the car. Captain Shake saw two orange objects thrown from the passenger-side window of the car; he activated his siren and followed the car for several blocks until Spicer finally pulled to the side of the road and stopped. Captain Shake stopped his vehicle next to the driver-side door to prevent it from opening and ran to the other side of the car where Spicer and Fonzer were exiting the vehicle. Captain Shake saw Fonzer toss a white object into the grass as he fell.

Officers Aaron Stevens and Mark Sutton arrived at the scene to assist, and Spicer and Fonzer were handcuffed. Captain Shake asked Officer Stevens to retrace the route of the vehicle pursuit to recover the orange caps and anything else that may have been thrown from the vehicle. While retracing the route, Officer Stevens recovered two orange syringe caps, four capped hypodermic syringes, and two plastic-wrapped bundles containing an off-white, rock-like substance. Tr. p. 356-58, 363-67. Meanwhile, at the scene of the stop, Officer Sutton saw, in plain view on the passenger-side floor mat of the car, a small plastic bag containing a rock of off-white substance. *Id.* at 385-86. Officer Sutton also recovered a small cap containing heroin and a piece of paper with a list of telephone numbers on the lawn in front of the house at the spot where Spicer eventually stopped the car. *Id.* at 390-93; State's Ex. 21.

Captain Shake obtained and executed a search warrant for the Cadillac. The brown plastic grocery bag was in plain view on the floor of the passenger side. Inside the bag were sandwich bags, two-inch by two-inch plastic bags, a glass tube with steel wool and residue on it, plastic caps, two plungers from hypodermic syringes, a spoon, a clamp,

3

and a box with a set of digital scales with white residue on it. Tr. p. 263-66, 316-23, 396-409.

Fonzer gave a statement to the police admitting to tossing the orange caps and the four hypodermic syringes from the car during the pursuit as well as to tossing the cap of heroin into the grass when he was exiting the car. *Id.* at 439-41. Fonzer also said that Spicer had been drying crack cocaine on a table at the residence before the pursuit; during the pursuit Spicer tried to get Fonzer to toss the plastic bundles of crack cocaine out of the car, but Fonzer refused. *Id.* at 454-55. Instead, Spicer tossed the bundles out of the passenger window himself. *Id.* at 455.

The bundles containing the off-white, rock-like substance were submitted to the Indiana State Police laboratory for chemical analysis; the contents of both bags were determined to be cocaine base and had an aggregate weight of 20.31 grams. *Id.* at 278-80. The small bag recovered from the passenger-side floor mat was also tested and determined to also be cocaine, weighing 0.99 grams. *Id.* at 283-86.

The State charged Spicer with Class A felony dealing in cocaine and Class A misdemeanor operating a vehicle while suspended. Spicer pled guilty to operating a motor vehicle while suspended, and a jury trial was held on the dealing in cocaine charge. At trial, Detective Ward and Captain Shake testified that the amount of cocaine recovered was significantly more than what would usually be possessed by a typical cocaine user – a half gram or less – but was consistent with what would usually be possessed by a cocaine dealer. *Id.* at 314, 533-34. They also testified that Spicer had approximately $2000 worth of crack cocaine in his possession when he was arrested along with a set of digital scales that would be used to weigh crack cocaine before distributing it, not before

4

using it. *Id.* at 316-17, 535-37. The jury found Spicer guilty as charged. The trial court sentenced Spicer to thirty years for his Class A felony dealing in cocaine conviction, with fifteen years executed and fifteen years suspended to supervised probation, and one year for his Class A misdemeanor operating a motor vehicle while suspended conviction. His sentences were to run concurrently for an aggregate executed sentence of fifteen years.

Spicer now appeals.

**Discussion and Decision**

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency-of-the-evidence claim, this Court does not reweigh the evidence or judge the credibility of the witnesses. *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. We consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. *Id.* Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. *Id.*

Class A felony dealing in cocaine is governed by Indiana Code section 35-48-4-1, which provides in relevant part:

(a) A person who: . . .
    (2) possesses, with intent to: . . .
        (C) deliver; . . .
cocaine or a narcotic drug, pure or adulterated . . . commits dealing in cocaine or a narcotic drug, a Class B felony, except as provided in subsection (b).
(b) The offense is a Class A felony if:
    (1) the amount of the drug involved weighs three (3) grams or more;
    . . . .

Spicer contends that the State failed to show that he possessed the cocaine and had the intent to deliver it. Finding that the State provided sufficient evidence of Spicer's actual possession of cocaine and his intent to deliver it, we disagree.

Possession of contraband may be either actual or constructive. *Washington v. State*, 902 N.E.2d 280, 288 (Ind. Ct. App. 2009), *trans. denied*. Actual possession occurs when a person has direct physical control over the substance, *Walker v. State*, 631 N.E.2d 1, 2 (Ind. Ct. App. 1994), and that actual possession does not need to exist at the exact time as the law enforcement's discovery of the contraband, *Wilburn v. State*, 442 N.E.2d 1098, 1101 (Ind. 1982). Constructive possession, on the other hand, occurs when the defendant has both (1) the intent and (2) the capability to maintain dominion and control over the subject contraband. *Atwood v. State*, 905 N.E.2d 479, 484 (Ind. Ct. App. 2009), *trans. denied*.

The evidence adduced at trial shows that Spicer had actual possession of the cocaine. Fonzer testified that Spicer was drying the cocaine in his house, Spicer gave him a plastic bag of crack cocaine and told him to throw it out the window during the pursuit, and Spicer eventually threw the bag of cocaine out the window of the car himself. From this evidence, the jury reasonably determined that Spicer had actual possession of the cocaine.

It was also reasonable for the jury to find that Spicer had the intent to deliver the cocaine. Circumstantial evidence of a defendant's intent to deliver cocaine is sufficient to prove that element of the offense. *Montego v. State*, 517 N.E.2d 74, 76 (Ind. 1987). Our Supreme Court has recognized that "[p]ossession of a substantial amount of narcotics constitutes circumstantial evidence of intent to deliver," and "[i]f the quantity is such that

6

it could not be personally consumed or used, then an inference of a predisposition to sell can reasonably be drawn." *Goodner v. State*, 685 N.E.2d 1058, 1062 n.4 (Ind. 1997). The evidence showed that 20.31 grams of cocaine was recovered from Spicer's car, an amount that was substantially more than the half gram or less that would be possessed by the typical cocaine user. Tr. p. 313, 533-34. Additionally, a set of digital scales was found in Spicer's car. According to Captain Shake and Detective Ward's testimony, scales would not be used by a person using cocaine for his own personal use; rather, they would be used to weigh cocaine to distribute it to others. Based on this evidence, it was reasonable for the jury to find that Spicer had the intent to deliver the cocaine that was found in his vehicle.

This evidence is sufficient to affirm Spicer's conviction for Class A felony dealing in cocaine. We therefore affirm the trial court.

Affirmed.

MATHIAS, J., and BARNES, J., concur.