## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2019, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Brian Reffett, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 9, 2019 <br><br> Court of Appeals Case No. 19A-CR-957 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Barbara Crawford, Judge <br><br> Trial Court Cause No. 49G01-1808-F3-26613 |

**Bradford, Judge.**

# Case Summary

In August of 2018, Richard Brian Reffett broke into an apartment in which M.C. and her two children resided. Once inside, Reffett entered M.C.'s dark bedroom, stripped naked, and digitally penetrated M.C.'s vagina while she was still half asleep. After Reffett had climbed atop of M.C., she realized he was not her estranged husband and stood up to turn on the light. Once the light was on, Reffett stole M.C.'s undergarments and fled the apartment. Shortly thereafter, Reffett was apprehended by police outside of M.C.'s apartment. The State charged Reffett with Level 3 felony rape and Level 4 felony burglary. In February of 2018, a bench trial was held, after which Reffett was found guilty as charged. Reffett was sentenced to nine years of incarceration. Reffett contends that the State produced insufficient evidence to sustain his convictions. We affirm.

# Facts and Procedural History

On August 11, 2018, M.C. was living in an apartment with her two children P.C. and Z.C. M.C.'s husband, however, was not living with the family because he and M.C. were separated. That evening around midnight, M.C. and P.C. retired to their shared bedroom, and Z.C. went to his own bedroom. At approximately 5:30 a.m., "half asleep" and in a "real[ly] dark" room, tr. p. 22, 34, M.C. saw a man, later identified as Reffett, standing next to her. Reffett began to "fondle" M.C., digitally penetrating her vagina. *Id.* at 26. Reffett took off M.C.'s underwear and climbed on top of her. Reffett laid atop of M.C. with

his legs pressed on top of hers and his hands on the sides of her body. M.C. assumed that it was her estranged husband, because "who else would be in [her] room?" Tr. p. 27. Reffett whispered to M.C. that she needed to be quiet because her son was in the other room. Knowing that something was not right, M.C. touched the top of Reffett's head and upon feeling his hair, realized it was not her husband because he was bald. Upon this realization, M.C. stood up, turned on the light, and discovered Reffett standing completely naked. Reffett grabbed M.C.'s undergarments and fled. After Reffett fled, M.C. stood there "panicking," and P.C., who had witnessed the incident, told M.C. to "call 911." Tr. p. 17. M.C. called the police, and upon their arrival, officers discovered Reffett standing outside of M.C.'s apartment building naked and in possession of her undergarments. The police also discovered a screen in one of M.C.'s apartment windows lying on the ground, handprints on the window ledge, and broken blinds. Reffett was taken into police custody.

[3] On August 14, 2018, the State charged Reffett with Level 3 felony rape and Level 4 felony burglary. On February 22, 2019, a bench trial was held, after which Reffett was found guilty as charged. On March 29, 2019, the trial court sentenced Reffett to nine years of incarceration for the rape conviction and six years of incarceration for the burglary conviction, to be served concurrently.

# Discussion and Decision

[4] Reffett contends that the State presented insufficient evidence to sustain his convictions. When reviewing the sufficiency of evidence to support a

conviction, we consider only probative evidence and reasonable inferences supporting the factfinder's decision. *Young v. State*, 973 N.E.2d 1225, 1226 (Ind. Ct. App. 2012), *trans. denied*. It is the role of the factfinder, not ours, to assess witness credibility and weigh the evidence. *Id.* We will affirm a conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

# I. Rape

To convict Reffett of Level 3 felony rape, the State had to establish that Reffett knowingly or intentionally had sexual intercourse with M.C. or knowingly or intentionally caused M.C. to perform or submit to other sexual conduct when M.C. was compelled by force or imminent threat of force. Ind. Code § 35-42-4-1. Reffett only contends that the State presented insufficient evidence of compulsion of force or imminent threat of force.

> Force is an essential element of the crime of rape. It is held that the element of force need not be actual, but may be constructive or implied. If the woman is mentally unconscious from drink or sleep, or from other cause is in a state of stupefaction, or is incapable from mental disease … so that the act of unlawful carnal knowledge on the part of the man was committed without her conscious and voluntary permission, the idea of force is necessarily involved in the wrongful act itself[.]

*Rahke v. State*, 81 N.E. 584, 585 (Ind. 1907). Stupefaction is "a feeling of being so surprised or shocked that you cannot speak, think clearly, etc." *Stupefaction Definition*, OXFORDLEARNERSDICTONARIES.COM,

http://oxfordlearnersdictionaries.com/us/definition/english/stupefaction (last visited Nov. 19, 2019).

[6] Here, the facts establish that M.C. was in a state of stupefaction such that Reffett committed unlawful sexual conduct without M.C.'s conscious and voluntary permission. As such, we conclude that the force required for rape was necessarily involved in the wrongful act itself. Reffett broke into M.C.'s home, stripped naked in her bedroom, and then digitally penetrated M.C.'s vagina. In addition to the bedroom being completely dark and M.C. still being half asleep, Reffett's conduct occurred without any time for M.C. to think clearly or speak out against Reffett's conduct. We have little trouble concluding that by targeting a victim in a dark room, in the early hours of the morning, who has not yet fully awakened from sleeping, Reffett's digital penetration of M.C.'s vagina encompassed the force necessary for rape. Put another way, M.C.'s unlawful sexual conduct did not require him to use further compulsion of force or an imminent threat of force because he chose to prey on a victim in a state of stupefaction. This is a question best left to the factfinder, and we conclude that there was sufficient evidence that it could reasonably find that M.C. was in a state of stupefaction.

## II. Burglary

[7] To convict Reffett of Level 4 felony burglary, the State was required to prove that Reffett broke and entered into M.C.'s apartment (a dwelling), with the intent to commit a felony or theft in it. Ind. Code § 35-43-2-1, Ind. Code § 35-

43-2-1(1). Reffett contends that the State failed to present sufficient evidence to prove that he intended to commit a felony. "Intent is a mental state, and the trier of fact often must infer its existence from surrounding circumstances when determining whether the requisite intent exists." *Goodner v. State*, 685 N.E.2d 1058, 1062 (Ind. 1997).

[8] We conclude that a reasonable factfinder could conclude that Reffett broke and entered into M.C.'s apartment with the intent to commit rape. The record indicates that Reffett broke into M.C.'s apartment at approximately 5:30 a.m. Once inside, Reffett entered M.C.'s dark bedroom, stripped naked, and digitally penetrated M.C.'s vagina while she was in a state of stupefaction. Reffett has failed to establish that the State produced insufficient evidence to sustain his burglary conviction.

[9] The judgment of the trial court is affirmed.

Robb, J., and Altice, J., concur.