Dallas WHITE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 18S00–9708–CR–446.

Supreme Court of Indiana.

March 10, 1999.

Kelly N. Bryan, Muncie, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Dallas White was convicted of killing a woman as she left the pizza restaurant where she worked. He appeals, arguing the evidence presented at trial was insufficient to justify conviction. Finding the evidence sufficient, we affirm.

We have jurisdiction over this direct appeal because the single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

On June 23, 1996, a man wearing a blue shirt and a blue and white bandana walked up to Sandra Bellomy's car and confronted her as she was leaving her place of employment, the Pizza Junction in Muncie. The man leaned into Bellomy's car, argued with her, and then shot her. Bellomy subsequently died from the gunshot wound.

On April 24, 1997, a jury found defendant Dallas White guilty of killing Sandra Bello-

1. Ind.Code § 35–42–1–1 (1993).

my. Defendant was convicted of Murder [1] and sentenced to the maximum term of sixty five years.

*Discussion*

Defendant contends that there was insufficient evidence to sustain his conviction for Murder. Defendant asserts that his conviction was based upon evidence that was inherently improbable. He specifically contests the testimony of five State witnesses. Defendant argues that without the testimony of these witnesses, there was no reasonable basis upon which a reasonable juror could find him guilty beyond a reasonable doubt. We disagree.

■ When reviewing a conviction for sufficiency of the evidence it is the role of the appellate court to consider only the evidence most favorable to the verdict and all reasonable and logical inferences to be drawn therefrom. *Minter v. State*, 653 N.E.2d 1382, 1383 (Ind.1995). We do not reweigh the evidence or judge the credibility of witnesses. *Wear v. State*, 593 N.E.2d 1179 (Ind. 1992).

■ Defendant relies upon *Gaddis v. State*, 253 Ind. 73, 251 N.E.2d 658 (1969), for the proposition that a defendant's conviction may be reversed if a witness's testimony is inherently unbelievable. This proposition is sometimes referred to as the "incredible dubiosity rule." *Tillman v. State*, 642 N.E.2d 221, 223 (Ind.1994). "Under this rule, a court will impinge on the jury's responsibility to judge the credibility of the witness only when it has confronted 'inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity'." *Id.* (quoting *Rodgers v. State*, 422 N.E.2d 1211, 1213 (Ind.1981)). When a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Tillman*, 642 N.E.2d at 223. However, defendant's reliance on this rule in this case is misplaced: "Application of this rule is limited to cases, such as *Gaddis*, where a sole witness presents inherently contradictory testimony which is equivocal or

the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." *Id.*

■ Defendant's conviction was based upon the testimony of seven individual witnesses and substantial circumstantial evidence linking him to the crime. Defendant argues that the testimony from five of the State's witnesses was inherently improbable because either they received incentives for favorable testimony or they hoped for favorable treatment. In particular, he asserts that three of the five witnesses did not provide truthful information at the beginning of the investigation until the State offered them incentives to testify. However, at trial, the jury was made aware of the incentives and expectations of favorable treatment by these witnesses. The jury had the opportunity to determine the credibility of these witnesses in light of the incentives. "It is the province of the jury to hear the testimony given by the witnesses and to assess the truth and veracity of each witness." *Wear*, 593 N.E.2d at 1179. We will not reassess the jury's credibility determinations.

Moreover, there was additional circumstantial evidence in this case: the blue shirt and blue and white bandana that defendant wore the evening of Bellomy's murder were found near the crime scene.

There is no basis for applying the incredible dubiosity rule here.

### Conclusion

We find the evidence is sufficient to sustain the conviction of defendant Dallas White. Accordingly, we affirm the trial court.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.