Vanessa K. THOMPSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–0012–CR–786.

Supreme Court of Indiana.

April 16, 2002.

---

Appeal from the Marion Superior Court; Trial Court Cause No. 49G04–9903–CF–035469; Patricia J. Gifford, Judge.[1]

Kurt A. Young, Nashville, IN, Attorney for Appellant.

---

1. The Honorable Mark Renner, Magistrate, conducted the jury trial.

Steve Carter, Attorney General of Indiana, Cecelia K. Hemphill, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

The defendant, Vanessa K. Thompson, was convicted of murder[2] for the 1998 killing of sixteen-year-old Shanna Sheese.[3] In this appeal, she challenges the sufficiency of the evidence and the trial court's denial of her request for an *in camera* review of the mental health records of one of the State's witnesses. We affirm.

The defendant admits that viewed in the abstract, the evidence presented by the State is sufficient to support her conviction. Br. of Appellant at 14–15. She maintains, however, that given the lack of any physical evidence tending to connect her with the crime, the credibility of the witnesses testifying against her is the crucial determinant. She argues that two of the primary witnesses against her suffered from severe mental illness, and that the testimony is thus inherently improbable and incredibly dubious.

■ In addressing a claim of insufficient evidence, an appellate court must consider only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determine therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Marcum v. State,* 725 N.E.2d 852, 863 (Ind.2000). The "incredible dubiosity" doctrine applies where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the defendant's guilt. *White v. State,* 706 N.E.2d 1078, 1079–80 (Ind.1999).

■ Applying the appropriate standard of review, the evidence shows that the victim was killed by a blunt force injury to her head. After the murder, the defendant admitted to one acquaintance that she had hit the defendant on the head, knocking her unconscious. To another, she admitted that she crushed the victim's head with a brick. The defendant personally testified that she was a crack cocaine user who sold drugs and was a prostitute working for Malcolm Wilson, her boyfriend. Two witnesses stated that the defendant told them of her jealousy regarding the victim's relationship with Wilson. The defendant also recounted that she and the victim had argued over "Malcolm." Shortly before the victim's death, one witness, acquainted with both the defendant and the victim, observed the defendant, Wilson, one other woman, and one other man in Wilson's white pickup truck. Seeking to purchase cocaine from Wilson, the witness walked to the truck and noticed protruding from under a tarp in the back of the truck some feet in tennis shoes that looked like those usually worn by the victim. When the defendant said, "She saw, she saw" and pulled the tarp over the shoes, Wilson replied, "No she didn't cause if she says anything, we know where it came from." Record at 297.

From this evidence, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The incredible dubiosity doctrine does not apply because the evidence was not from a single witness and because there was not an absence of circumstantial evidence of guilt. Acknowl-

---

**2.** Ind.Code § 35–42–1–1.

**3.** The defendant was originally charged along with Malcolm Wilson and Alexa Whedon for the murder of Shanna Sheese. Following severance upon motion of the State, each defendant was tried separately.

edging that "such evidence would appear damaging," Br. of Appellant at 17, the defendant asserts that the evidence is incredibly dubious because two of the State's witnesses were addicted to crack cocaine, engaging in prostitution to support the habit, and two were suffering from "bipolar" mental illness severe enough to warrant use of medications. She presented medical testimony regarding bipolar disorders generally and the symptoms present during the manic state of the disorder.

As noted above, however, in reviewing a claim of insufficient evidence, we cannot reweigh the evidence or assess witness credibility but must look only to the evidence favorable to judgment. The defendant's challenges to the credibility and weight of the incriminating witnesses was presented to the jury, and we find no proper grounds to set aside its verdict. We find that the evidence was sufficient to support the jury verdict.

■ The defendant's second claim is that the court abused its discretion when it denied, without a hearing or *in camera* review, her request to review the mental health records of one of the State's principal witnesses. She argues that, because the witness was receiving treatment for mental illness and was under medication, "such records might have shown [the witness] to be so impaired as to be unworthy of belief." Br. of Appellant at 20.

Less than a week before the jury trial was to commence, the defendant filed an emergency motion for an order to release the witness's mental health records for *in camera* review "[p]ursuant to I.C. § 34–43–1–11." Record at 164. Her motion asserted that, in sworn trial testimony during prior cases involving the death of Shanna Sheese, the witness stated that a specific medicine, Remeron, had been prescribed for her and that she had been under the care of physicians at Midtown

Mental Health. The motion requested multiple relief: (a) an order to obtain the witness's mental health records "for the time period leading up to and surrounding" the charged offense; (b) the trial court's review of these records; and (c) "an opportunity to prove to the court why they are relevant to her case." *Id.* In preliminary proceedings at the beginning of the first day of trial, the trial court summarily denied the motion.

The statute upon which the defendant's motion was based, Ind.Code § 34–43–1–11, does not authorize the relief sought by the defendant. It only prescribes the procedure to be followed by a hospital employee providing a record concerning treatment for mental illness. Although not noted in her pre-trial motion, the defendant's appellate brief argues that she was entitled to relief pursuant to Ind.Code §§ 16–39–3–3, –6, and –7. Section 3 permits "a party to a legal proceeding and who seeks access to a patient's mental health record without the patient's written consent" to file a petition requesting release of the record. Section 6 protects the confidentiality of the record of any resulting hearing. Section 7 provides:

> At the conclusion of the hearing, the court may order the release of the patient's mental health record if the court finds by a preponderance of the evidence that:
>
> (1) Other reasonable methods of obtaining the information are not available or would not be effective; and
>
> (2) The need for disclosure outweighs the potential harm to the patient. In weighing the potential harm to the patient, the court shall consider the impact of disclosure on the provider-patient privilege and the patient's rehabilitative process.

Ind.Code § 16–39–3–7. A notice of hearing at least fifteen days in advance must be served on the patient, any guardian, and the provider who maintains the record. Ind.Code § 16–39–3–4. The patient is entitled to representation by counsel at the hearing, and counsel must be appointed, in certain circumstances, if the patient is unable to afford an attorney. Ind.Code § 16–39–3–5.

The State does not question, nor do we address, whether this procedure is unavailable to defendants compelling disclosure of the confidential mental health records of non-party witnesses in a criminal trial. We do observe, however, that it was impossible for the trial court to comply with the compulsory fifteen-day advance notice to the patient and an opportunity for her to be heard. We decline to find abuse of discretion by the trial court in denying the defendant's motion for access to the witness's mental health records.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.