**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 13 2013, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

**RUTH JOHNSON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VICTORIA ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-603 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah Pierson-Treacy, Judge
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1203-CM-13956

**March 13, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Victoria Anderson was convicted of one count of Criminal Mischief,[1] a class B misdemeanor. On appeal, she contends that her conviction should be reversed because the alleged victim's testimony at trial was incredibly dubious.

We conclude that the doctrine of incredible dubiosity does not apply in this instance because the victim's testimony was neither inherently contradictory nor coerced, and a law enforcement officer partially corroborated the victim's testimony. Accordingly, we affirm the judgment of the trial court.

FACTS

On the morning of February 21, 2012, Melissa Thomas looked out her apartment window and observed Anderson, her former co-worker, puncturing the tires of her vehicle. Thomas ran outside to yell at Anderson, but she was not sure if Anderson heard her. Thomas then called the police to report the incident.

During a subsequent investigation, Thomas reported that Anderson had also vandalized her vehicle earlier that month. According to Thomas, the earlier incident consisted of Anderson pouring paint over the vehicle and puncturing all four of the vehicle's tires. Thomas claimed to have reported this incident to the police; however, she said that no officers responded because they were all busy in downtown Indianapolis.[2]

---

[1] Ind. Code § 35-43-1-2.

[2] This alleged incident occurred during the weekend when Indianapolis hosted the Super Bowl.

2

The State charged Anderson with two counts of criminal mischief as class B misdemeanors, one count for each alleged incident. At a bench trial held on June 28, 2012, Thomas recounted her version of the incidents.

Regarding the first incident, Thomas stated that she was inside her apartment on February 4, 2012, when she observed Anderson near her vehicle. Thomas stated that she then watched as Anderson "poured paint all over [Thomas's] car . . . [and] flattened all the tires." Tr. p. 17. She recalled calling the police, who "said that they [were] going to send somebody but they [were] so busy downtown that it would take a couple of hours." Id. at 19. However, no officers ever responded. Thomas then cleaned the paint from her vehicle while it was still wet. Thomas reported that she "took pictures [of the paint on her vehicle] but couldn't no body [sic] see it." Id. at 27.

After this incident, Thomas reported that she "had started sleeping with [her] window open . . . to see if [she] could hear [Anderson] comin'." Id. at 20. On the morning of the second incident, Thomas saw Anderson puncturing her vehicle's tires through her open window. Thomas ran outside to confront Anderson, who was leaving, and Thomas called the police.

Officer Shannon Harmon of the Indianapolis Metropolitan Police Department testified that when he arrived at the scene, Thomas was "emotional . . . and stressed about the incident." Tr. p. 33. He recalled observing three flat tires on Thomas's vehicle. However, Officer Harmon did not recall Thomas reporting an earlier incident or seeing paint on Thomas's vehicle.

3

Anderson testified that she and Thomas "had a fling" while they were co-workers. Id. at 40.  Anderson claimed that she had ended the relationship in October 2011 when her husband found out about it.  Anderson further claimed that she was not involved in the second incident because she "probably" would have been getting her children ready for school.  Id. at 43.

Because of a discrepancy about the date of the first incident, the trial court dismissed Count II.  However, Anderson was found guilty as charged on Count I, which pertained to the later incident.  Anderson now appeals.

## DISCUSSION AND DECISION

Anderson's sole contention on appeal is that her conviction should be reversed under the doctrine of incredible dubiosity.  More particularly, Anderson claims that Thomas's rendition of the facts was so "inherently improbable" that this Court should find Anderson not guilty as a matter of law.  Appellant's Br. p. 1.

Generally, we do not reweigh the evidence presented or judge witness credibility. Reed v. State, 748 N.E.2d 381, 395 (Ind. 2001).  Rather, we will affirm a conviction if there is probative evidence or reasonable inferences supporting the judgment.  Id.

Notwithstanding these general principles, the incredible dubiosity doctrine provides an extremely narrow exception.  Tillman v. State, 642 N.E.2d 221, 223 (Ind. 1994).  It applies only "in those rare cases where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt."  Reed, 748 N.E.2d at 395-96.

4

Conversely, the doctrine is inapplicable when testimony is corroborated by additional witnesses or circumstantial evidence. Thompson v. State, 765 N.E.2d 1273, 1274 (Ind. 2002).

In the present case, Thomas was unequivocal about her allegations, and there was no evidence presented that Thomas's testimony was coerced. Tr. p. 20-21. Moreover, Thomas was not the State's sole witness. By testifying that he responded to Thomas's complaint and observed three flat tires on her vehicle, Officer Harmon partially corroborated Thomas's allegations. Id. at 32-33. Accordingly, the doctrine of incredible dubiosity is inapplicable here.

The judgment of the trial court is affirmed.

RILEY, J., and BARNES, J., concur.