Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 28 2013, 6:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JARRELL OUTLAW, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1210-CR-521 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Viola J. Taliaferro, Senior Judge
Cause No. 49F18-1008-FD-67271

**June 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jarrell Outlaw appeals his convictions of Class A misdemeanor auto theft[1] and Class A misdemeanor resisting law enforcement.[2] Outlaw also appeals the order he pay $166 in court costs. We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 27, 2010, Joseph Gaines reported his vehicle stolen. That evening, Officer Freddie Haddad of the Indianapolis Metropolitan Police Department observed a vehicle fitting the description of Gaines' vehicle and initiated a traffic stop. Officer Haddad approached the vehicle, which Outlaw was driving. Before Officer Haddad could speak with Outlaw, the vehicle sped away.

Officer Haddad pursued the vehicle and radioed for assistance. During the pursuit, Outlaw struck a curb and crashed the vehicle. Outlaw then ran away. Officer David Hurt responded to Officer Haddad's request for assistance and saw an individual matching Outlaw's description running between houses in the area and making furtive gestures. Officer Hurt stopped Outlaw, who was out of breath and unable to speak. Officer Haddad then arrived on the scene and identified Outlaw as the driver of the stolen vehicle.

The State charged Outlaw with one count of Class D felony auto theft and two counts of Class D felony resisting law enforcement. After a bench trial, the court found Outlaw guilty of Class D felony auto theft and one count of Class D felony resisting law enforcement, but the court entered both convictions as Class A misdemeanors pursuant to

---

[1] Ind. Code § 35-43-4-2.5(b).

[2] Ind. Code § 35-44-3-3 (2010); recodified as Ind. Code § 35-44-3-3 effective July 1, 2012.

Ind. Code § 35-50-2-7(b). The trial court sentenced Outlaw to 365 days on probation, with 2 days credit, and ordered Outlaw to pay $166.00 in court costs and $755.57 in restitution.

## DISCUSSION AND DECISION

1.      Sufficiency of the Evidence

When reviewing sufficiency of evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the trial court's ruling. *Id.* We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the trial court's decision. *Id.* at 147.

Outlaw argues the State did not prove he committed auto theft and resisting law enforcement because Officer Haddad's testimony identifying Outlaw as the person driving the stolen vehicle and running from police was incredibly dubious. Under the "incredible dubiosity rule," we may impinge on the factfinder's responsibility to judge the credibility of the witness "only when it has confronted 'inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity.'" *Rodgers v. State*, 422 N.E.2d 1211, 1213 (Ind. 1981). We will reverse a conviction if the sole witness presents

3

inherently improbable testimony and there is no circumstantial evidence of the defendant's guilt. *White v. State*, 706 N.E.2d 1078, 1079-80 (Ind. 1999).

Officer Haddad's testimony was not incredibly dubious. Officer Haddad testified he saw Outlaw driving the stolen vehicle. After Outlaw was apprehended, Officer Haddad identified him as the person who ran from the stolen vehicle after it crashed. Officer Hurt testified he stopped Outlaw, who was out of breath and unable to speak, after receiving a radio transmission from Officer Haddad with a description matching Outlaw. Outlaw's argument to the contrary is a request to reweigh the evidence and judge witness credibility, which we cannot do. *See Drane*, 867 N.E.2d at 146.

2.      Order to Pay Court Costs

Outlaw argues the trial court abused its discretion when it ordered him to pay court costs of $166.00. As Outlaw invited any error, we need not decide this issue. Error invited by the complaining party is not reversible error. *Booher v. State*, 773 N.E.2d 814, 822 (Ind. 2002). As such, invited errors are not subject to appellate review. *Gamble v. State*, 831 N.E.2d 178, 184 (Ind. Ct. App. 2005), *trans. denied*.

During sentencing, Outlaw's counsel stated, "Well, [Outlaw] would pay costs of $165.00, you have to order that." (Tr. at 141.) As Outlaw conceded he would pay the court costs, he cannot now complain they were imposed in error.[3]

_____

[3] Although the trial court ordered court costs of $166.00, after Outlaw conceded he would have to pay $165.00, Outlaw has not alleged error regarding the discrepancy in the amount ordered. His only assertion is that the costs should not have been imposed at all. As that argument was waived for appeal, we need not address the discrepancy of $1.00.

4

## CONCLUSION

Officer Haddad's testimony was not incredibly dubious, and there was sufficient evidence Outlaw committed the crimes of which he was convicted. Outlaw invited any error in the imposition of court costs. Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.