**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 29 2014, 10:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**BRYAN LEE CIYOU**
**LORI SCHMELTZER**
Ciyou & Dixon, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURICIO REYES-FLORES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1310-CR-502 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt Eisgruber, Judge
The Honorable Steven Rubick, Magistrate
Cause No. 49G01-1209-FC-63636

**May 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Mauricio Reyes-Flores appeals his convictions of class C felony Criminal Recklessness[1] and class A misdemeanor Domestic Battery.[2] Reyes-Flores presents a single issue for our review: Was the evidence sufficient to support his convictions?

We affirm.

The facts favorable to the judgment establish that on July 13, 2011, Reyes-Flores was living in Indianapolis with his wife, Juana Rubio-Castillo. That morning, Reyes-Flores became angry with Rubio-Castillo while she was driving him to work. While the car was moving, Reyes-Flores began striking Rubio-Castillo in her head and face with his knuckles, causing her intense pain. Reyes-Flores then grabbed her hair and pushed her head under the steering wheel so that she could no longer see the road, and he continued hitting her. Reyes-Flores then grabbed the steering wheel and pulled it to one side, and Rubio-Castillo tried to pull it back the other way. Rubio-Castillo was able to apply the brakes and pull her head from beneath the steering wheel just as the car struck a tree. Rubio-Castillo suffered serious injuries a result of the accident, including a broken foot, a broken clavicle, injuries to her liver, and severe pain.

As a result of these events, the State charged Reyes-Flores with class C felony criminal recklessness, class A misdemeanor domestic battery, and class A misdemeanor battery. Following a bench trial, the trial court found Reyes-Flores guilty as charged and

---

[1] Ind. Code Ann. § 35-42-2-2 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014).
[2] I.C. § 35-42-2-1.3 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014).

merged the battery charge into the domestic battery conviction. Reyes-Flores was sentenced on September 24, 2013. Reyes-Flores now appeals.

Reyes-Flores argues that the State presented insufficient evidence to support his convictions. Specifically, he argues that Rubio-Castillo's testimony should be disregarded as incredibly dubious. The standard of review for sufficiency claims is well settled; this court will neither reweigh the evidence nor judge the credibility of witnesses. *Jackson v. State*, 925 N.E.2d 369 (Ind. 2010). Rather, we will consider only the evidence favorable to the judgment and all reasonable inferences therefrom. *Alvies v. State*, 905 N.E.2d 57 (Ind. Ct. App. 2009). We will not reverse for insufficient evidence unless no rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *Clark v. State*, 728 N.E.2d 880 (Ind. Ct. App. 2000). The uncorroborated testimony of a single witness is sufficient to support a conviction, even where the witness in question is the victim. *Ferrell v. State*, 565 N.E.2d 1010 (Ind. 1991).

The doctrine of incredible dubiosity, however, allows a reviewing court to reevaluate the credibility of a witness when "a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence." *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). "Application of the rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Id.* The rule does not apply when testimony is corroborated by additional witnesses or circumstantial evidence. *Thompson v. State*, 765 N.E.2d 1273 (Ind. 2002).

3

In order to convict Reyes-Flores of class C felony criminal recklessness as charged, the State was required to prove that he recklessly, knowingly, or intentionally inflicted serious bodily injury on Rubio-Castillo by means of a deadly weapon. I.C. § 35-42-2-2. Our Supreme Court has noted that a vehicle may be considered a deadly weapon. *DeWhitt v. State*, 829 N.E.2d 1055 (Ind. 2005). Additionally, "serious bodily injury" is defined in relevant part as "bodily injury that creates a substantial risk of death or that causes . . . extreme pain [or] permanent or protracted loss or impairment of the function of a bodily member or organ[.]" Ind. Code Ann. § 35-31.5-2-292 (West, Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014). Rubio-Castillo testified that, while she was driving the car, Reyes-Flores pushed her head under the steering wheel so that she could no longer see the road and then began pulling on the steering wheel. Rubio-Castillo also testified that as a result of the crash, she suffered a broken foot, a broken clavicle, an injury to her liver, and severe pain. At the time of trial, she continued to use a cane because her foot had not healed properly. This evidence was plainly sufficient to support a conviction for class C felony criminal recklessness.

To convict Reyes-Flores of class A misdemeanor domestic battery as charged, the State was required to prove that he (1) knowingly or intentionally touched Rubio-Castillo in a rude, insolent, or angry manner, (2) resulting in bodily injury to Rubio-Castillo, and (3) Rubio-Castillo is or was living as if Reyes-Flores's spouse. "Bodily injury" is defined as "any impairment of physical condition, including physical pain." I.C. 35-31.5-2-29 (West,

Westlaw current with all legislation of the 2nd Reg. Sess. of the 118th General Assembly (2014) with effective dates through May 1, 2014).  It is undisputed that Rubio-Castillo and Reyes-Flores were married and living together at the time of the offense.  Rubio-Castillo testified that while she was driving Reyes-Flores to work, he began hitting her in her face and head and pulling her hair, causing physical pain and a large bruise to the right side of her head.  This evidence was plainly sufficient to support a conviction for class A misdemeanor domestic battery.

Nevertheless, in arguing for the application of the incredible dubiosity rule, Reyes-Flores insists that it was "***physically impossible***" for him to have pushed Rubio-Castillo's head under the steering wheel and that Rubio-Castillo's description of events would require Reyes-Flores "to have ***three (3) hands***, one to hold her head down ***underneath*** the steering wheel, one to beat her and pull her hair, and one to hold the steering wheel in an attempt to gain control over the vehicle." *Appellant's Brief* at 7-8 (emphases in original).  The trial court rejected these arguments, and so do we.  We find nothing inherently improbable about Rubio-Castillo's testimony, and it was plainly sufficient to support Reyes-Flores's convictions.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.