**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 07 2015, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ERIC K. KOSELKE**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL HALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-256 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc Rothenberg, Judge
The Honorable Amy Barbar, Magistrate
Cause No. 49G02-1211-FC-78631

**January 7, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Michael Hall appeals the sufficiency of the evidence supporting his conviction of Class C felony battery.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY

Hall and T.R. were engaged to be married when they moved from Cleveland, Ohio, to Indianapolis in 2010.  They broke off their engagement but continued to share an apartment.  They stayed in separate bedrooms, and T.R. paid rent to Hall.

On November 17, 2012, Hall entered T.R.'s bedroom and demanded money for rent.  T.R. told Hall she would pay him when she returned from Cleveland for Thanksgiving.  Hall told T.R. she would have to get out of the apartment by jumping out the second floor window or by walking out "with every bone broken in [her] body."  (Tr. at 27.)  Hall proceeded to head-butt T.R., choke her, kick her legs, and punch her head, chest, legs, and arms.  When Hall left the apartment to walk his dog, T.R. walked to a nearby grocery store and asked a clerk to call the police.

Indianapolis Metropolitan Police Department Officer Brenan Smith arrived at the store and found T.R. "emotionally distressed."  (*Id*. at 57.)  T.R. had a bump on her head, swelling near her right eye, and a discolored and swollen right elbow.  Officer Smith noted she was moving very slowly, and he believed that was due to the trauma.  Officer Smith drove T.R. back to the apartment, where she identified Hall as the person who had beaten her.

An ambulance took TR. to the hospital.  One witness reported T.R. was grimacing in

---

[1] Ind. Code § 35-42-2-1 (2012).

pain and was shaking as if she was scared. T.R. had scratches and bruises all over her body, and her chest was swollen near her ribs. In addition to the bruises all over her body, T.R. had two broken ribs and a concussion.

The State charged Hall with Class C felony battery resulting in serious bodily injury and Class C felony criminal confinement.[2] A jury found Hall guilty of battery and not guilty of confinement. The court imposed a five-year sentence.

## DISCUSSION AND DECISION

Battery occurs when one person "knowingly or intentionally touches another person in a rude, insolent, or angry manner," Ind. Code § 35-42-2-1(a), and at the time of Hall's crime, battery became a Class C felony when it "results in serious bodily injury to any other person." Ind. Code § 35-42-2-1(a)(3). The charging information asserts Hall touched T.R. "in a rude, insolent or angry manner, that is[,] struck with hands and/or fists and/or feet, which resulted in serious bodily injury, that is; broken ribs, to [T.R.]." (App. at 30.)

The evidence was sufficient to support Hall's conviction.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

---

[2] Ind. Code § 35-42-3-3.

3

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (quotations, citation, and footnote omitted) (emphasis in original).

Hall notes: (1) T.R. alleged she was battered over a four-hour period, but at no point during that time did she attempt to leave the house; (2) T.R. claimed she bit Hall's thumb, but the officer who handcuffed Hall did not note any injury to Hall's thumb; (3) T.R. said Hall head-butted her, but there was no evidence of an injury to Hall's head or face; (4) T.R. and Officer Smith gave different testimony about when T.R. asserted she needed medical attention; and (5) T.R. told police she did not know where Hall was. Based thereon, Hall asserts T.R.'s testimony was "inherently incredible." (Br. of Appellant at 5.)

> Under the "incredible dubiosity rule" we may "impinge on the jury's responsibility to judge the credibility of the witness only when it has confronted 'inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity.'" *Rodgers v. State,* 422 N.E.2d 1211, 1213 (Ind. 1981). We will reverse a conviction if the sole witness presents inherently improbable testimony and there is no circumstantial evidence of the defendant's guilt. *White v. State,* 706 N.E.2d 1078, 1079-80 (Ind. 1999).

*Archer v. State,* 996 N.E.2d 341, 351 (Ind. Ct. App. 2013), *trans. denied*.

T.R.'s testimony was not incredibly dubious. There is nothing "incredible" about T.R. not trying to leave the apartment until Hall left; Hall had told her she would not be leaving without every bone being broken in her body and he had physically prevented her from descending the stairs when she tried. Because Hall had left the apartment to walk the dog, there is nothing incredible or inconsistent in her telling police, while she was at the store, that she did not know Hall's precise location. Nor is the lack of injuries to Hall necessarily

4

inconsistent with T.R.'s statement Hall battered her. Any inconsistencies between the testimonies of the officer and T.R. about any particular factual matter do not meet the standard for declaring a witness' testimony "incredibly dubious." *See Altes v. State*, 822 N.E.2d 1116, 1122 (Ind. Ct. App. 2005) (application of the incredible dubiosity rule is "limited to cases where the sole witness' testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it"), *trans. denied*. Without a showing of incredible dubiosity, we will not reweigh the evidence or reassess T.R.'s credibility. *See*, *e.g., Leyva v. State*, 971 N.E.2d 699, 702 (Ind. Ct. App. 2012) (testimony of victim not found to be inherently improbable; thus, weight of evidence and credibility of witness left to the trier of fact), *trans. denied*.

T.R.'s testimony that Hall choked, head-butted, punched, and kicked her, especially when combined with the photographic evidence of her injuries, is sufficient to sustain Hall's conviction of Class C felony battery. Accordingly, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.

5