## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 10 2015, 8:10 am

CLERK
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| Donald J. Frew<br>Fort Wayne, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Kenneth E. Biggins<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| C.C.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Petitioner.* | March 10, 2015<br><br>Court of Appeals Cause No.<br>02A03-1408-JV-279<br><br>Appeal from the Allen Superior Court.<br><br>The Honorable Daniel G. Heath, Judge.<br><br>The Honorable Daniel G. Pappas, Magistrate.<br><br>Cause No. 02D07-1303-JD-433 |

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Respondent, C.C., appeals his delinquency adjudication for battery, which would be a Class A misdemeanor if committed by an adult, Ind. Code § 35-42-2-1 (2013).

[2] We affirm.

## ISSUE

[3] C.C. raises one issue on appeal, which we restate as follows: Whether the State presented sufficient evidence to establish his adjudication of delinquency beyond a reasonable doubt.

## FACTS AND PROCEDURAL HISTORY

[4] On March 7, 2013, D.B. was riding home from middle school on the school bus. While on the bus, D.B. and C.C. got into an argument about the jacket D.B. was wearing. At the drop-off location, D.B., C.C., and other children exited the school bus and D.B. started walking home with a friend. Suddenly, D.B. heard a noise and felt something hit him in the back. He quickly turned around and noticed C.C. "trying to [] tuck the gun back away and run through some houses." (Transcript p. 15). The gun was "probably a little pistol," five or six inches long, "all black and probably had a little bit of silver on the bottom." (Tr. pp. 15, 16). D.B. incurred an injury on his back, which hurt and bled.

On May 1, 2013, the State filed a petition to adjudge delinquency against C.C. for battery, which would be a Class A misdemeanor if committed by an adult. On May 19, 2014, the juvenile court conducted a fact finding hearing, at the close of which the juvenile court adjudicated C.C. to be a delinquent child. On July 10, 2014, the court held a dispositional hearing, placing C.C. "under the operational supervision of the [] Probation Department[.]" (Appellant's App. p. 21).

C.C. now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

C.C. contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his adjudication for battery which, if committed by an adult, would be a Class A misdemeanor. Generally, in addressing a claim of insufficient evidence, an appellate court must consider only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determine therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glenn v. State*, 884 N.E.2d 347, 355 (Ind. Ct. App. 2008), *trans. denied*.

While C.C. does not contest the statutory elements of the true finding of battery, C.C. asserts that his conviction should be set aside because D.B.'s testimony was incredibly dubious and inherently improbable. Within the narrow confines of the incredible dubiosity rule, a court may impinge upon a

jury's prerogative to judge the credibility of a witness. *White v. State*, 706 N.E.2d 1078, 1079 (Ind. 1999). If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Id.* This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Id.* Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Stephenson v. State*, 742 N.E.2d 463, 498 (Ind. 2001).

[9] During the hearing, D.B. described the gun used by C.C. as a little handgun, "all black" with "a little bit of silver on the bottom." (Tr. p. 16). This statement appeared to contradict statements given to three police officers on the day of the incident. Officer Cameron Norris with the City of Fort Wayne Police Department testified that D.B. told him that he never saw the gun but still "thought this weapon sounded like it had a silencer on it." (Tr. p. 40). Officer Mark Bell informed the juvenile court that D.B. never told him a gun was involved. And lastly, Officer Stephen Ealing reported that D.B. "believed that he was shot with a long gun." (Tr. p. 53). The officer added that the situation and D.B.'s statements were "confusing me." (Tr. p. 57). Although D.B.'s pre-trial statements appear to contradict his trial testimony, these discrepancies do not make his testimony incredibly dubious. We have previously held that the rule only applies when a witness contradicts himself in a single statement or while testifying; the rule finds no application with respect

to conflicts between multiple statements. *See, e.g., Buckner v. State*, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) ("The incredible dubiosity rule applies to conflicts in trial testimony rather than conflicts that exist between trial testimony and statements made to the police before trial."). Reviewing D.B.'s trial testimony, we cannot find any inherent contradictions that would propel his testimony to the realm of incredibly dubious.

[10] Moreover, it is well established that the testimony of a single eye-witness is sufficient to sustain a conviction. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001). D.B. testified that he was shot by C.C. while walking home. He turned around and saw C.C. put the gun away and flee.

[11] To be sure, while D.B.'s statements evolved over time, the juvenile court was made aware of these inaccuracies through either direct or cross examination and had the opportunity to determine the veracity of each witness. Based on the facts before us, there is no basis to apply the incredible dubiosity rule. *See Cowan v. State*, 783 N.E.2d 1270, 1278 (Ind. Ct. App. 2003) (A defendant cannot appeal to this rule by merely showing some inconsistency or irregularity in a witness's testimony.), *trans. denied*.

## CONCLUSION

[12] Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to support a true finding of delinquency.

[13] Affirmed.

Vaidik, C.J. and Baker, J. concur