## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2017, 10:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald Graham,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 30, 2017

Court of Appeals Case No.
49A05-1705-CR-1028

Appeal from the Marion Superior Court

The Honorable Mark Stoner, Judge

Trial Court Cause No.
49G06-1104-FA-26410

**Altice, Judge.**

## Case Summary

Ronald Graham appeals following his convictions for class A felony attempted robbery and class A misdemeanor carrying a handgun without a license. On appeal, Graham argues that the State presented insufficient evidence to support his attempted robbery conviction.

We affirm.

## Facts & Procedural History

On November 16, 2010, Cory Trotter agreed to meet Graham at an Indianapolis gas station to sell Graham marijuana. When Trotter arrived at the gas station, he got into Graham's car, bringing a bag containing five ounces of marijuana with him. Graham and Trotter spoke briefly before Graham reached behind his seat and pulled out a handgun. Graham pointed the gun at Trotter and said "[y]ou know what this is." *Transcipt* at 44. Graham ordered Trotter not to move and told him "[t]his is how you going to get done. This is all part of the game." *Id.* at 45. Graham then told Trotter to put his hands on the window, but instead of doing so, Trotter tried to grab the gun. A struggle ensued, during which Graham's car rolled out of the gas station parking area and onto a grassy embankment. The struggle culminated in Graham shooting Trotter three times. Trotter then stumbled out of the car and ran into the gas station for help. Graham, who is partially paralyzed, got out of his car and limped away on his crutches, taking the gun with him.

As a result of these events, the State charged Graham with attempted murder and attempted robbery, both class A felonies, as well as class A misdemeanor

carrying a handgun without a license. A jury trial was held in September 2011, at the conclusion of which Graham was found guilty as charged. Graham was sentenced to thirty years, and his convictions were affirmed on direct appeal. Graham subsequently filed a petition for post-conviction relief, which was granted on February 19, 2016. As a result, Graham's convictions were vacated.

[5] On March 20, 2017, the State retried Graham at a bench trial. At the conclusion of the evidence, the trial court acquitted Graham of attempted murder, but found him guilty of attempted robbery and carrying a handgun without a license. Graham was sentenced to twenty years executed, and this appeal ensued.

## Discussion & Decision

[6] Graham argues that the State presented insufficient evidence to support his attempted robbery conviction. Specifically, he argues that Trotter's testimony should be disregarded as incredibly dubious. The standard of review for sufficiency claims is well settled; this court will neither reweigh the evidence nor judge the credibility of witnesses. *Jackson v. State*, 925 N.E.2d 369, 375 (Ind. 2010). Rather, we will consider only the evidence favorable to the judgment and all reasonable inferences therefrom. *Alvies v. State*, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009). The uncorroborated testimony of a single witness is sufficient to support a conviction, even where the witness in question is the victim. *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991).

[7]     The doctrine of incredible dubiosity, however, allows a reviewing court to reevaluate the credibility of a witness when "a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence." *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind. 2007). "Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Id.* The rule does not apply when testimony is corroborated by additional witnesses or circumstantial evidence. *Thompson v. State*, 765 N.E.2d 1273, 1274 (Ind. 2002).

[8]     In order to support the attempted robbery conviction, the State was required to prove that Graham took a substantial step toward intentionally taking property from Trotter by force, resulting in serious bodily injury to Trotter. *See* Ind. Code § 35-42-5-1 (2013); Ind. Code § 35-41-5-1. Trotter testified that he met Graham at a location Graham had selected to carry out a drug deal, and that Graham had given him a false name. Trotter testified further that Graham did not purchase the marijuana as they had agreed, and instead produced a handgun, pointed it at Trotter, and ordered him not to move and to put his hands on the window. When Trotter tried to disarm Graham, Graham shot him three times. This evidence is plainly sufficient to support Graham's attempted robbery conviction.

[9]     Nevertheless, Graham argues that Trotter's testimony is incredibly dubious, relying principally on Trotter's admission that he lied to investigators several times about the reason for his meeting with Graham in an apparent attempt to

hide his own illegal activities. This is not a proper basis on which to invoke the incredible dubiosity rule. "The rule applies only when a witness contradicts herself or himself in a single statement or while testifying, and does not apply to conflicts between multiple statements." *Carter v. State*, 31 N.E.3d 17, 31 (Ind. Ct. App. 2015), *trans. denied*. Graham's remaining arguments are blatant requests to reweigh the evidence and judge the credibility of witnesses, which we will not indulge. There is nothing inherently improbable about Trotter's testimony, and it was plainly sufficient to support Graham's attempted robbery conviction.

[10] Judgment affirmed.

[11] Baker, J. and Bailey, J., concur.