Mark A. TILLMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–9404–CR–329.

Supreme Court of Indiana.

Nov. 4, 1994.

ny, Ind.Code Ann. § 35–42–3–3 (West Supp. 1994). The trial court sentenced him to consecutive prison terms of fifty-five years for murder and twenty years for confinement.

Appellant raises a single issue on direct appeal: whether the identification evidence presented at trial was sufficient to sustain his conviction. We affirm.

The facts most favorable to the judgment reveal that on March 18, 1993, Anthony Hood and Rosalind Hairston drove to a restaurant in Gary at approximately 2:30 a.m. Hairston remained in the car while Hood went inside. A few minutes later a man tapped on the window of the car and asked for a ride. Hairston told him to ask Hood. The man entered the restaurant and spoke with Hood. Three women observed this conversation. Hood and the man left the restaurant and joined Hairston in the car. The man then threatened Hood with a gun and directed him to drive to a specific location. Upon reaching that location, the man took something from Hood's pocket and then shot him. Hood died as a result of this gunshot wound. Hairston managed to escape.

In an effort to identify the perpetrator, Hairston viewed photographs with the authorities on two occasions. On March 28, Hairston viewed multiple photographs, but did not identify anyone as the assailant.[1] When Hairston viewed a photographic array on April 14, however, she identified Tillman, and she identified him as the perpetrator again at trial.

The women present at the restaurant on the night of the incident met with investigators on March 21. These witnesses were shown photographs, but could not initially identify anyone as the perpetrator.[2] They individually viewed another photographic array with authorities on April 24. This time, two of the witnesses identified Tillman as the man with whom Hood had spoken in the restaurant. These witnesses also identified appellant at trial. The third witness present at the restaurant could not identify the

Charles E. Stewart, Jr., Appellate Public Defender, Crown Point, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found appellant Mark A. Tillman guilty of two counts of murder, Ind.Code Ann. § 35–42–1–1 (West Supp.1992), and one count of criminal confinement, a class B felo-

---

1. The record does not indicate whether appellant's photograph was included in this group.

2. The record is unclear as to whether appellant's photograph was included in the group these witnesses reviewed.

perpetrator from the photographs, nor could she do so at trial.

Appellant maintains this identification testimony is insufficient to establish his identity as the perpetrator. He claims Hairston's identification is not credible because of her "emotional and mental state" at the time of the crime. Appellant also asserts that the identification testimony of the other two witnesses is insufficient, as it illustrates only that he was at the restaurant but does not prove he was in the vehicle or shot Hood.

In analyzing the sufficiency of the evidence, appellant argues this Court should reverse the decision of the trial court based on the "incredible dubiosity rule." *See Rodgers v. State* (1981), Ind., 422 N.E.2d 1211; *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658. Under this rule, a court will impinge on the jury's responsibility to judge the credibility of the witnesses only when it has confronted " 'inherently improbable' testimony or coerced, equivocal, wholly uncorroborated testimony of 'incredible dubiosity.' " *Rodgers*, 422 N.E.2d at 1213 (citations omitted). Application of this rule is limited to cases, such as *Gaddis*, where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt. In such an action, an appellate court may reverse the trial court's decision. *See Gaddis*, 253 Ind. at 82, 251 N.E.2d at 663.

The incredible dubiosity rule is not applicable to the appeal at bar. Three of the State's witnesses were unequivocal in identifying appellant, and there was no evidence of coercion or uncertainty. Furthermore, the State called as a witness one Teresa Hamblin, with whom appellant fathered a child. Hamblin testified that appellant confessed to shooting Hood and told her that he intended to shoot Hairston but his gun jammed. This testimony is amply persuasive of Tillman's guilt and comprises more than substantial evidence to support the convictions. Accordingly, appellant may not receive relief under the incredible dubiosity rule.

As for the broader question of sufficiency, it is well established that we will not reweigh the evidence or judge the credibility of the witnesses on appeal. These are matters exclusively within the province of the jury. We consider the evidence most favorable to the verdict, along with any reasonable inferences therefrom, in order to determine whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Moore v. State* (1987), Ind. 515 N.E.2d 1099. If each element of the crime is supported by substantial evidence, then we will affirm. *Hatton v. State* (1993), Ind., 626 N.E.2d 442.

In the instant case, the jury possessed substantial evidence of appellant's guilt. Appellant was unequivocally identified by both an eyewitness to the crime and other witnesses. While neither Hairston nor the other witnesses initially identified appellant from the photographs they viewed at the police department, it is unclear whether Tillman's photograph was even included among those they viewed. Thus, we can attach little weight to the witnesses' initial failure to identify appellant as the perpetrator. Either Hairston's testimony or the witnesses' identifications would be sufficient to sustain appellant's conviction. *See Titara v. State* (1983), Ind., 447 N.E.2d 587. Moreover, the jury also considered very persuasive evidence of appellant's guilt in the form of his own confession. Ultimately, we have no doubt as to the sufficiency of the evidence identifying appellant.

The evidence considered by the jury was sufficient to sustain the conviction. We affirm the judgment of the trial court.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.