**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 07 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt,
   Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| VINCENT O. DATES, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 84A05-1203-CR-134 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1107-MR-2116

**November 7, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Vincent O. Dates ("Dates") was convicted of Dealing in Cocaine, as a Class A felony.[1] Dates now appeals his conviction, contending that there was insufficient evidence to sustain his conviction because:

1. The testimony of a witness was incredibly dubious; and

2. The State did not produce sufficient evidence of either active dealing in cocaine or intent to deliver cocaine.

We affirm.

**Facts and Procedural History**

Around July 4, 2011, Dates and his sometime-girlfriend, Marissa Vinson ("Vinson"), had checked into a room at a Days Inn motel in Terre Haute. On multiple instances during their stay, Vinson used crack cocaine that Dates provided to her and witnessed Dates sell cocaine to individuals who came to the motel room.

On the morning of July 5, 2011, Vinson had left the motel with two individuals, Katie Davis ("Davis") and another woman known only as Andrea, to purchase cigarettes and liquor. Around 12:30 p.m., Dates engaged in an altercation with John Bailey ("Bailey"), whom Dates perceived as having disrespected one of Dates's friends, Brooklyn Hudson ("Hudson"). The altercation eventually resulted in the shooting death of Bailey.

Vinson, Davis, and Andrea, who had left the motel before the altercation occurred, received a phone call asking Vinson to return to the motel room to retrieve certain items. By the time the three arrived at the motel, however, officers from the Terre Haute Police

---

[1] Ind. Code §§ 35-48-4-1(a)(2) & (b)(1).

2

Department had responded to the scene and Bailey lay unconscious on the pavement of the motel parking lot. Upon seeing Bailey lying on the ground and police officers in the area, the three women left the scene without stopping.

In the course of investigating Bailey's shooting, Dates became a subject of police interest. Dates, however, had left the motel by this time and police were unable to locate him during a search of properties near the motel. Police obtained a search warrant for the motel room Dates and Vinson had occupied and recovered numerous baggies of crack cocaine weighing more than 30 grams, two scales that showed indications of having been used to weigh and measure cocaine, a small metal pipe Vinson used to ingest cocaine by smoking the drug, and a box of plastic sandwich bags.

By the end of the day on July 5, 2011, Dates and Vinson were together again at Vinson's mother's home. On the following day, Vinson arranged for Dates's brother to transport her and Dates out of Terre Haute. The car carrying Dates, Vinson, Dates's brother, and another individual travelled east from Terre Haute late on July 6, 2011; by this time, a warrant had been issued for Dates's arrest. Sometime between midnight and 1 a.m. on July 7, 2011, Terre Haute police officers performing drug interdiction tasks stopped the car in which Dates and Vinson were travelling for a traffic violation; one of the officers immediately recognized Dates, and all of the car's occupants were arrested.

On July 6, 2011, the State charged Dates with Murder, a Felony[2]; Dealing in Cocaine;

---

[2] I.C. § 35-42-1-1(3)(A).

and two charges of Carrying a Handgun Without a License, one as a Class C felony[3] based upon a prior felony conviction, and one as a Class A misdemeanor.[4] On January 6, 2012, the State amended the charging information, which left in place only the charges for Dealing in Cocaine and Carrying a Handgun Without a License, as a Class A misdemeanor.

A jury trial was conducted from January 9 to 11, 2012. At the conclusion of the trial, Dates was found guilty of the single count of Dealing in Cocaine. On February 17, 2012, the trial court entered a judgment of conviction against Dates and sentenced him to thirty-five years imprisonment.

This appeal followed.

**Discussion and Decision**

Standard of Review

Dates appeals his conviction, arguing that there was insufficient evidence that he engaged in Dealing in Cocaine.

Our standard of review for challenges to the sufficiency of the evidence is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. Id. We will affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." Id. (quoting Jenkins v. State, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an

---

[3] I.C. § 35-47-2-1.

[4] Id.

inference may reasonably be drawn from it to support the verdict." Id. (quoting Pickens v. State, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

To convict Dates of Dealing in Cocaine, as charged, the State was required to prove beyond a reasonable doubt that on or about July 5, 2011, Dates possessed with intent to deliver cocaine, and the cocaine possessed weighed more than three grams. I.C. §§ 35-48-4-1(a)(2) & (b)(1); Appellee's App. at 1.

### Incredible Dubiosity

Dates first contends that Vinson's testimony that he possessed cocaine with intent to deliver was incredibly dubious. Our Supreme Court has stated the standard for incredible dubiosity:

> Under the incredible dubiosity rule, a court will impinge on a jury's responsibility to judge witness credibility only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. Tillman v. State, 642 N.E.2d 221, 223 (Ind. 1994). The incredible dubiosity rule, however, is limited to cases where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the defendant's guilt. Id.

Majors v. State, 748 N.E.2d 365, 367 (Ind. 2001) (emphasis supplied). "The incredible dubiosity rule applies to conflicts in trial testimony rather than conflicts that exist between trial testimony and statements made to the police before trial." Buckner v. State, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) (citing Reyburn v. State, 737 N.E.2d 1169, 1171 (Ind. Ct. App. 2000)). For testimony to be so incredibly dubious as to warrant reversal of a conviction or delinquency adjudication, the single witness's testimony must be coerced or "inherently improbable [so] that no reasonable person could believe it." Love v. State, 761 N.E.2d 806,

5

810 (Ind. 2002).

Here, the State produced numerous witnesses and exhibits at trial that corroborated various details of the case and of Vinson's testimony, including Dates's role in obtaining the motel room, his possession and storage of cocaine in the motel room's safe, and Vinson's use of cocaine in the room. Moreover, the testimony from Vinson that Dates asserts is incredibly dubious is not internally inconsistent or inherently improbable; rather, it is inconsistent with several prior statements Vinson offered to police. We therefore cannot conclude that the incredible dubiosity rule applies here, and turn to review Dates's other claims.

Other Sufficiency Issues

Dates also challenges the sufficiency of the other evidence adduced at trial. Dates's arguments take two forms. First, Dates argues that there was no circumstantial evidence that there was any activity related to dealing in cocaine in his motel room or at the motel. Second, Dates argues that there was no evidence that he intended to deal in cocaine or to assist Vinson in doing so.

> A conviction for possession with intent to deliver cocaine may be supported by either direct or circumstantial evidence. Montego v. State, 517 N.E.2d 74, 76 (Ind. 1987). Intent involves a person's state of mind, and the fact finder can "infer its existence from surrounding circumstances when determining whether the requisite intent exists." Goodner v. State, 685 N.E.2d 1058, 1062 (Ind. 1997).

Davis v. State, 863 N.E.2d 1218, 1220-21 (Ind. Ct. App. 2007), trans. denied.

At trial, Vinson testified that she used cocaine in the motel room, she had received the cocaine from Dates, both she and Dates carried cocaine into the room, and she owned one of two sets of scales found in the room but was unaware of the presence of the second set of

6

scales found in the motel room safe. Vinson also testified that while the two were in the motel room, she overheard and witnessed Dates engaging in the sale of cocaine to other individuals who would come to the room specifically to purchase the drug and leave shortly afterward. Vinson testified that when Dates sold cocaine, he would retrieve the drug from the room's safe.

Even without Vinson's testimony, there is ample evidence from which a reasonable jury could conclude beyond a reasonable doubt that Dates possessed cocaine with intent to deliver the drug. Testimony from Edward Duane Marshall ("Marshall"), the front desk manager of the Days Inn, established that Dates obtained and paid for the room in which Detective Michael Mikuly ("Detective Mikuly") found the drugs and other items. Detective Mikuly found cocaine in a table drawer and in the motel room's safe; two scales, one on a table and the other in the safe; and a box of plastic sandwich bags, many of which had their corners removed. Detective Denzil Lewis testified that the total amount of cocaine in the room was greater than what an ordinary user of the drug would possess; the cocaine was packaged for sale using the corners of the sandwich bags, a typical method for packaging the drug for sale; and one of the scales showed evidence of white powdery residue characteristic of using the scales for measuring out cocaine for sale.

Marshall testified that the combination for the motel room's safe could be set only by the room's occupant, and the only way of bypassing that combination was through use of a device kept in the motel's office. Hudson and Jeremy Gibson, Sr. ("Gibson"), both friends of Bailey who were present at the time of the shooting that drew police to the motel, each

7

testified that they did not see anyone in Dates's motel room around the time of the shooting incident. Gibson, who placed the 911 call that summoned police assistance, further testified that Dates was the only person he saw enter or exit the motel room before police arrived after the shooting. Corporal Phil Haley and Officer Robert Hines also testified that no unknown individuals were permitted into or out of Dates's motel room once police arrived.

Vinson's testimony is sufficient to permit a reasonable jury to conclude that Dates possessed and delivered cocaine both to Vinson and to others. There is also ample evidence that on July 5, 2011, Dates had sole control over the motel room and knowledge of its contents. There is sufficient evidence based upon the presence of weight scales, the quantity of cocaine, and the cocaine's packaging for a jury to infer that Dates possessed the cocaine with intent to deliver the drug. To the extent Dates argues to the contrary, he largely asks that we reweigh the evidence, which we cannot do. See Drane, 867 N.E.2d at 146.

We therefore conclude that there was sufficient evidence to support Dates's conviction.

### Conclusion

Vinson's testimony is not of the type that falls within the scope of the incredible dubiosity rule, and there was sufficient evidence from which a reasonable jury could properly conclude that Dates was guilty of Dealing in Cocaine, as charged.

Affirmed.

RILEY, J., and CRONE, J., concur.