**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 07 2013, 5:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHIRLEY JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1301-CR-4 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda Brown, Judge
Cause No. 49F10-1207-CM-048716

**August 7, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

<u>Case Summary and Issue</u>

Shirley Jones appeals her conviction for battery as a Class A misdemeanor. Jones raises one issue on appeal: whether Jones's conviction should be reversed for insufficient evidence under the doctrine of incredible dubiosity. Concluding that the doctrine of incredible dubiosity is inapplicable here, we affirm.

<u>Facts and Procedural History</u>

At some point before July 15, 2012, Bobbi Davis purchased a cell phone from Jones for $100, paying her $50 at the time and agreeing to pay the other $50 at another time. Once in possession of the phone, Davis noticed that the phone would not hold a charge. Davis mentioned this to Ranika Jackson, who was Davis's friend and Jones's niece. On July 15, 2012, Davis went with Jackson to Jones's house to pick up Jackson's son. As they were leaving, Davis asked Jones whether they were going to talk about the phone. Jones told her they could talk about it and to go back inside the house, and then told Davis to sit down. Davis indicated that she did not want to sit down, and Jones began yelling and calling Davis names. Jones told Davis that Davis should have come to her directly about any problems with the phone. The two women moved toward a wall of the room, and when they reached the wall, Jones began to choke Davis with two hands, causing Davis pain. Jackson was able to stop Jones, and Davis went outside. Jackson drove Davis home, and on the way home Davis called her mother to relay what had happened. Davis's mother told her to call the police, which she did. When Officer Terence Fulner responded to the call, Davis was upset and crying, and Officer Fulner took a report of the battery. Officer Fulner noted that Davis stated that she was in pain,

2

and also noted that there were no visible injuries.  Officer Fulner also spoke to Jackson, whose statement matched Davis's.

On July 20, 2012, Jones was charged with Class A misdemeanor battery.  A bench trial was held on December 11, 2012.  Jones testified at trial that she never yelled at or grabbed or choked Davis.  Jones also testified that she uses oxygen for severe asthma, and that she has arthritis and as a result of an accident cannot lift or grab anything with her right arm.  Following the trial, Jones was convicted of battery as charged and sentenced to 365 days with two days credit and 363 days suspended to probation, during which Jones would be required to attend an anger management course.  This appeal followed.

## Discussion and Decision

### I.  Standard of Review

The standard for reviewing sufficiency of the evidence claims is well settled.  We do not reweigh the evidence or assess the credibility of the witnesses.  West v. State, 755 N.E.2d 173, 185 (Ind. 2001).  Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable trier-of-fact could have found the defendant guilty beyond a reasonable doubt.  Id.

In rare cases, we may reverse the decision of the trial court based on the incredible dubiosity rule.  Tillman v. State, 642 N.E.2d 221, 223 (Ind. 1994).  Under this rule, we will "impinge on the jury's responsibility to judge the credibility of the witnesses only when [we have] confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity."  Id. (quotations and citation

3

omitted). This rule is limited to cases where "a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." Id.

## II. Incredible Dubiosity

Jones claims that Davis's testimony meets the limited applicability of the incredible dubiosity doctrine. We disagree. There was nothing inherently improbable about Davis's testimony that Jones grabbed her neck and choked her. As far as Jones's testimony that she has medical conditions that limit her, compared to Davis's testimony that Jones choked her, that goes to witness credibility and weighing the evidence, which we will not do on appeal. There was nothing inherently contradictory about Davis's testimony, nor was it equivocal, and Jones does not allege that Davis's testimony was coerced. As the State points out, the incredible dubiosity rule applies only when a witness contradicts herself in a single statement or while testifying. Glenn v. State, 884 N.E.2d 347, 356 (Ind. Ct. App. 2008), trans. denied. Where there are inconsistencies between the testimonies of multiple witnesses, the evidence is not per se incredible, but rather those inconsistencies go to the credibility of the witnesses and the weight to be given to the evidence. Morell v. State, 933 N.E.2d 484, 492-93 (Ind. Ct. App. 2010). Additionally, Davis's testimony is not wholly uncorroborated. Officer Fulner testified that although he did not see physical marks on Davis, she was crying and upset when he responded to her call. Jackson was present during the incident, and when Officer Fulner responded to the call, she was present and corroborated Davis's story. Jones makes no other argument contesting the sufficiency of the evidence supporting her conviction, and

we conclude that the evidence was sufficient to support her misdemeanor conviction for battery.

Conclusion

Concluding that the incredible dubiosity rule is inapplicable and that Jones's conviction was supported by sufficient evidence, we affirm.

Affirmed.

RILEY, J., and KIRSCH, J., concur.