## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 07 2016, 8:18 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Diverlo Georges,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 7, 2016

Court of Appeals Case No.
02A03-1508-CR-1094

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D06-1410-FA-45

**Bailey, Judge.**

# Case Summary

Diverlo Georges ("Georges") was convicted after a jury trial of two counts of Child Molesting, as Class A felonies,[1] and one count of Child Molesting, as a Class C felony.[2] He was sentenced to an aggregate term of imprisonment of thirty years, and now appeals.

We affirm.

# Issues

Georges presents two issues for our review, which we restate as:

> I. Whether there was sufficient evidence to sustain his conviction of Child Molesting, as a Class C felony; and

> II. Whether the evidence supporting his convictions for Child Molesting, as Class A felonies, was incredibly dubious.

# Facts and Procedural History

J.N. and Georges were both Haitian immigrants and part of the same extended family. J.N. came to the United States from Haiti in August 2011 at the age of eleven. J.N., Georges, J.N.'s father, J.N.'s stepmother, and several of J.N.'s

---

[1] Ind. Code § 35-42-4-3(a)(1). Georges's offenses were committed prior to the July 1, 2014, effective date of substantial revisions to Indiana's criminal statutes. We refer throughout to the versions of the statutes in effect at the time of Georges's offenses.

[2] I.C. § 35-42-4-3(b).

siblings shared a home in Fort Wayne until December 30, 2011, when Georges and his wife moved into their own apartment. After Georges and his wife moved to their own residence, J.N. and her siblings would visit Georges's home from time to time.

On one Sunday during the winter of 2011 or early 2012, J.N. and several siblings were visiting Georges's home after church. Georges told J.N. to sit on his lap, and J.N. complied. Georges touched J.N.'s leg and rubbed a part of her body, and then got up and took a shower.

After Georges was done showering, he told J.N. to come into a bedroom with him. Georges turned off the light and closed the door in the room. J.N., who was wearing a skirt, was sitting on the edge of the bed. Georges used his hand to push J.N.'s underwear aside and initiated sexual intercourse with J.N. J.N. pushed Georges away; Georges told J.N. not to push him, and again initiated sexual intercourse with J.N. Georges eventually ceased intercourse and ejaculated onto a towel he had placed on the floor. He then told J.N. not to tell anyone what had happened because both he and J.N. would get in trouble.

On another occasion, J.N. and several siblings were staying with Georges and his wife for the weekend. While J.N.'s siblings were playing or watching television, Georges had J.N. come into the same bedroom as before, and again engaged in sexual intercourse with J.N. As on the prior occasion, Georges ejaculated onto a towel he had placed on the floor.

[8] J.N. eventually reported these incidents to a school guidance counselor, who in turn contacted Child Protective Services and the Fort Wayne Police. On October 15, 2014, the State charged Georges with two counts of Child Molesting, as Class A felonies, and one count of Child Molesting, as a Class C felony.

[9] A jury trial was conducted on June 9 and 10, 2015. At the conclusion of the trial, the jury found Georges guilty as charged. A sentencing hearing was conducted on July 24, 2015, during which the trial court entered judgment against George and sentenced him to thirty years imprisonment for each of the Class A felony convictions and to four years imprisonment for the Class C felony conviction, with all three terms run concurrent with one another, yielding an aggregate sentence of thirty years.

[10] This appeal ensued.

# Discussion and Decision

## Sufficiency of the Evidence

[11] Georges contends that there was insufficient evidence to sustain his conviction for Child Molesting, as a Class C felony. Our standard of review in sufficiency challenges is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh evidence. *Id.* We will affirm the conviction unless "no reasonable fact-finder

could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind. 2000)). "The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict." *Id.* at 147 (quoting *Pickens v. State*, 751 N.E.2d 331, 334 (Ind. Ct. App. 2001)).

[12] To convict Georges of Child Molesting as a Class C felony, as charged, the State was required to prove beyond a reasonable doubt that Georges performed or submitted to fondling or touching with J.N., then a child under fourteen years of age, with the intent of arousing or satisfying either his own or J.N.'s sexual desires. *See* I.C. § 35-42-4-3(b); App'x at 16.

[13] Here, Georges contends that there was insufficient evidence to sustain the verdict based upon: 1) a difference between what the State argued it would establish in opening argument and J.N.'s trial testimony, and 2) purported lack of sexual intent on Georges's part. As to the first point, Georges argues that the State failed to produce evidence that he touched J.N.'s leg, a point the State said during opening argument it would prove, and thus there is insufficient evidence. However, J.N.'s testimony at trial is that Georges had J.N. sit on his lap and that, while she was sitting on Georges's lap, he touched J.N. "right here, like he just rubbed it." (Tr. at 196-97.) That is, J.N.'s testimony established touching in the form both of sitting on Georges's lap and some additional form of touching J.N.'s body. J.N.'s testimony, including the phrase "right here," indicates that the jury was made aware visually of what part of J.N.'s body Georges may have touched. Neither the statute nor the charging

information specifically require proof that Georges touched J.N.'s leg, and we decline Georges's apparent invitation to reweigh the evidence on this point.

[14] Turning to the question of intent, J.N. testified that immediately after Georges had J.N. sit on his lap, he got up to take a shower and, after the shower, brought J.N. to a bedroom and engaged in sexual intercourse with her. Given the brief span of time and J.N.'s testimony that Georges had rubbed some part of her while she sat on Georges's lap, the jury could reasonably infer that Georges's conduct before the shower was intended to arouse his sexual desires. We accordingly conclude that there was sufficient evidence to sustain Georges's conviction for Child Molesting, as a Class C felony.

## Incredible Dubiosity

[15] Georges also argues that J.N.'s testimony supporting his Class A felony convictions was incredibly dubious.

> Under the incredible dubiosity rule, a court will impinge on a jury's responsibility to judge witness credibility only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity. *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994). The incredible dubiosity rule, however, is limited to cases where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion *and* there is a complete lack of circumstantial evidence of the defendant's guilt. *Id.*

*Majors v. State*, 748 N.E.2d 365, 367 (Ind. 2001) (emphasis added). "The incredible dubiosity rule applies to conflicts in trial testimony rather than

conflicts that exist between trial testimony and statements made to the police before trial." *Buckner v. State*, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) (citing Reyburn v. State, 737 N.E.2d 1169, 1171 (Ind. Ct. App. 2000)). For testimony to be so incredibly dubious as to warrant reversal of a conviction or delinquency adjudication, the single witness's testimony must be coerced or "inherently improbable [so] that no reasonable person could believe it." *Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002).

[16]     The incredible dubiosity rule does not apply here. In *Moore v. State*, 27 N.E.3d 749 (Ind. 2015), the Indiana Supreme Court addressed an appeal from a murder case in which there was only one eyewitness to a shooting. *Id.* at 757. The *Moore* Court held that the incredible dubiosity rule did not apply because, while there was only one eyewitness to the shooting, other witnesses' testimonies "placed Moore at the scene" or provided other forms of corroboration. *Id.* The court reiterated that "the testimony of multiple witnesses alone precludes the application of the incredible dubiosity rule." *Id.* at 758.

[17]     Here, multiple witnesses provided testimony. Georges is correct that the only eyewitness to the offense was J.N. However, several of J.N.'s and Georges's family members testified as to J.N.'s age and the timing of her arrival in the United States, the timing of Georges's move out of J.N.'s family home, and the timing of instances in which Georges would have had access to J.N. without other adults present in his home. The incredible dubiosity rule therefore does not apply. And because Georges stated in his brief that he would "concede[] this issue" if he was incorrect as to the applicability of the incredible dubiosity

rule in this case (Appellant's Br. at 8), we find no other contention of error or basis for reversal.

# Conclusion

[18] There was sufficient evidence to support Georges's conviction for Child Molesting, as a Class C felony. The evidence supporting Georges's convictions for Child Molesting, as Class A felonies, is not subject to analysis under the incredible dubiosity rule.

[19] Affirmed.

Vaidik, C.J., and Crone, J., concur.