# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2017, 10:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alicia Patrice Cleveland,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 19, 2017<br><br>Court of Appeals Case No.<br>71A03-1610-CR-2389<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Julie Verheye,<br>Magistrate<br><br>Trial Court Cause No.<br>71D08-1507-CM-2460 |

**Bailey, Judge.**

# Case Summary

[1] Alicia Cleveland ("Cleveland") was convicted after a bench trial of Criminal Mischief, as a Class B misdemeanor,[1] and Pointing a Firearm, as a Class A misdemeanor.[2] She now appeals, raising a single issue for our review: whether the testimony introduced against her at trial was incredibly dubious.

[2] We affirm.

# Facts and Procedural History

[3] Cleveland and another woman, Latifa Gillam ("Gillam"), had a long-running dispute with one another. Cleveland was known to members of Gillam's extended family, some of whom had once been friendly with Cleveland.

[4] On the afternoon of May 21, 2015, Gillam's car was parked outside the South Bend home of her godmother, Kathy Newcomb ("Newcomb"). Newcomb was at home that afternoon, looked out her window, and saw Cleveland and an unidentified man get out of a charcoal-gray Chrysler 200 automobile. Cleveland and her companion were holding baseball bats. The two approached Gillam's car and began to smash its windows with the baseball bats. Cleveland and her companion shattered the front and rear windshields; put holes in windows in three of the four doors of Gillam's car; and struck the car's roof,

---

[1] Ind. Code § 35-43-1-2(a).

[2] I.C. § 35-47-4-3(b).

creating dents above the driver's side of the vehicle. Cleveland and her companion then drove away. Newcomb contacted police, and identified Cleveland as having been involved in damaging Gillam's car.

[5] Later that day, around 11:00 p.m., Gillam was a passenger in a car driven by her cousin, Andrea Evans ("Evans"), as the two were headed to Gillam's mother's home in South Bend. Gillam and Evans observed a charcoal-gray Chrysler 200 following them, and Gillam recognized Cleveland as the vehicle's driver. Gillam and Evans proceeded to Gillam's mother's home, and arrived there at about the same time as Gillam's sister, Charda Davis ("Davis").

[6] Gillam, Evans, and Davis were standing outside of Gillam's and Davis's mother's home and saw the Chrysler 200 driven by Cleveland pull into the intersection nearest the home. The car stopped. Cleveland got out of the car, walked to the trunk, and pulled a black pistol out of the trunk. Cleveland then pointed the gun toward the area where Gillam, Evans, and Davis were standing. The three women heard several shots and ran inside.

[7] Cleveland had been accompanied by an unidentified male, who moved into the driver's seat of the vehicle. Cleveland got back into the car, which drove away. Police were contacted, and Cleveland was identified as the shooter.

[8] On July 15, 2015, Cleveland was charged with Criminal Mischief and Pointing a Firearm. A bench trial was conducted on August 18, 2016. At the trial's conclusion, the court found Cleveland guilty as charged. On September 23, 2016, the court sentenced Cleveland to 180 days imprisonment for Criminal

Mischief and 365 days of imprisonment for Pointing a Firearm. The sentences were run concurrent with one another, and all but four days were suspended to probation.

[9] This appeal ensued.

# Discussion and Decision

[10] Cleveland challenges her convictions with the sole claim that the testimony supporting the judgment was so contradictory as to be incredibly dubious. Our supreme court has recently defined and clarified the scope of the incredible dubiosity rule in *Moore v. State*, 27 N.E.3d 749 (Ind. 2015). The Indiana Supreme Court stated: "Under this rule, a court will impinge on the jury's responsibility to judge the credibility of the witnesses only when it has confronted 'inherently improbable' testimony or coerced, equivocal, wholly uncorroborated testimony of 'incredible dubiosity.'" *Id.* at 755 (quoting *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994)). The incredible dubiosity rule applies only "'where a *sole witness* presents inherently contradictory testimony which is equivocal or the result of coercion and there is a *complete lack of circumstantial evidence* of the appellant's guilty.'" *Id.* (quoting *Tillman*, 642 N.E.2d at 223) (emphasis in original).

[11] To convict Cleveland of Criminal Mischief, as charged, the State was required to prove beyond a reasonable doubt that Cleveland recklessly or knowingly damaged or defaced Gillam's property without her permission. *See* I.C. § 35-

43-1-2(a); App'x Vol. 2 at 6. To convict Cleveland of Pointing a Firearm, as charged, the State was required to prove beyond a reasonable doubt that Cleveland knowingly pointed an unloaded firearm at Gillam. *See* I.C. § 35-47-4-3(b); App'x Vol. 2 at 7.

[12] Our review of the record makes it clear that the incredible dubiosity rule has no application in this case. Here, four different witnesses testified at trial: Newcomb, Gillam, Evans, and Davis. Gillam, Evans, and Davis each testified concerning the events surrounding the Pointing a Firearm charge, making the rule inapplicable as to that conviction. To the extent that Cleveland suggests that there are inconsistencies among the witnesses' individual testimonies, we note that the incredible dubiosity rule has no bearing in such cases.

[13] Newcomb testified as the only direct witness of Cleveland's damaging of Gillam's car, but Newcomb's testimony includes no inherently contradictory or equivocal statements as to Cleveland's identity or conduct, and Cleveland makes no claim that Newcomb's testimony was coerced. Thus, the incredible dubiosity rule does not apply to Cleveland's conviction for Criminal Mischief.

[14] Cleveland raises no other argument on appeal. We accordingly affirm her convictions.

[15] Affirmed.


Vaidik, C.J., and Robb, J., concur.