## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2018, 11:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. McGovern
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shawn M. Saylor,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 18, 2018

Court of Appeals Case No.
31A01-1712-CR-2886

Appeal from the Harrison Superior Court

The Honorable Joseph L. Claypool, Judge

Trial Court Cause No.
31D01-1608-F4-538

**Najam, Judge.**

# Statement of the Case

Shawn M. Saylor appeals his convictions, following a jury trial, for dealing in methamphetamine, as a Level 5 felony, and maintaining a common nuisance, a Level 6 felony. He presents one issue for our review, namely, whether application of the incredible dubiosity rule establishes that there is insufficient evidence to support his convictions.

We affirm.

# Facts and Procedural History

In June 2016, Brian Stem, a confidential informant, told Detective Steve Coleman with the Harrison County Sheriff's Department that he could purchase methamphetamine from Saylor. Accordingly, on June 15, Detective Coleman initiated a controlled buy between Stem and Saylor.

On that date, while in the presence of Detective Coleman, Stem placed a phone call to Saylor's phone. During that phone call, Stem asked Saylor what he could purchase for $100. Saylor told Stem to come to his house. After the phone call ended, officers thoroughly searched Stem and his vehicle and equipped him with a video-recording device. Stem then drove to Saylor's home, purchased 0.92 grams of methamphetamine in exchange for $100, and left. Stem met Detective Coleman at a predetermined location and delivered the methamphetamine to him. The entire transaction was audio and video recorded. Subsequently, the State charged Saylor with one count of dealing in

methamphetamine, as a Level 5 felony, and one count of maintaining a common nuisance, a Level 6 felony.

[5] The trial court held a jury trial on September 19 and 20, 2017. During the trial, the State presented as evidence the testimony of Detective Coleman and Stem, the video recording of the controlled buy, and the methamphetamine that Stem had purchased from Saylor. At the conclusion of the trial, the jury found Saylor guilty of both counts, and the trial court entered judgment accordingly and sentenced Saylor to an aggregate term of three years in the Department of Correction, with one year suspended to probation. This appeal ensued.

## Discussion and Decision

[6] Saylor contends that the State presented insufficient evidence to support his convictions. Specifically, Saylor contends that there was insufficient evidence because his convictions were based only on the testimony of Stem, which he claims was "incredibly dubious." Under the incredible dubiosity rule, "a court will impinge on the jury's responsibility to judge the credibility of witnesses only when it has confronted 'inherently improbable' testimony or coerced, equivocal, wholly uncorroborated testimony of 'incredible dubiosity.'" *Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015) (quoting *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994)). "Application of the incredible dubiosity rule is limited to cases with very specific circumstances because we are extremely hesitant to invade the province of the jury." *Smith v. State*, 34 N.E.3d 1211, 1221 (Ind. 2015). For the incredible dubiosity rule to apply, there must be: "1) a sole testifying witness; 2) testimony that is inherently contradictory, equivocal, or

the result of coercion, and 3) a complete absence of circumstantial evidence." *Moore*, 27 N.E.3d at 756.

[7] Here, Saylor specifically contends that Stem's testimony was incredibly dubious because it was contradictory and because Stem "was coerced into conducting the controlled buy[.]" Appellant's Br. at 13. But we agree with the State that "the rule of incredible dubiosity is inapplicable to this case[.]" Appellee's Br. at 9.

[8] First, there was not a "sole testifying witness." *Moore*, 27 N.E.3d at 756. Rather, the State presented the testimony of Detective Coleman, which at least partially corroborated Stem's testimony. Still, Saylor contends that the incredible dubiosity rule applies despite Detective Coleman's testimony because Stem "was the sole witness offering the testimony to support the essential elements of [Saylor's] convictions." Reply Br. at 8. We disagree.

[9] Detective Coleman testified that Stem called Saylor while in Detective Coleman's presence and asked what he could purchase for $100. Detective Coleman also testified that he and another officer thoroughly searched Stem and his vehicle, followed Stem to Saylor's residence, and then met with Stem at a predetermined location where Stem gave Detective Coleman a package that contained methamphetamine. Accordingly, Stem was not the only witness who offered testimony to support the essential elements of Saylor's convictions.

[10] Further, there was not "a complete absence of circumstantial evidence" as the State presented circumstantial evidence that corroborated the witnesses'

testimony, including the video recording of the controlled buy. *Moore*, 27 N.E.3d at 756. But Saylor contends that "the video does not provide *independent* corroboration of the confidential informant's testimony." Reply Br. at 9 (emphasis in original).

While Saylor is correct that the video does not show Saylor hand Stem the methamphetamine, our Supreme Court has held that, when evaluating whether there exists circumstantial evidence of guilt, we do "not require such circumstantial evidence to independently establish guilt." *Smith*, 34 N.E.3d at 1221. And, here, the video recording shows that Stem entered Saylor's house, left money on the table, and exited the house with a package that contained methamphetamine. Further, in addition to the video recording, the State presented as corroborating evidence the methamphetamine that Stem returned to Detective Coleman after the controlled buy.

Because there was more than one witness who offered testimony to support the essential elements of Saylor's convictions, and because there was not a complete lack of circumstantial evidence, the incredible dubiosity rule does not apply. Saylor's arguments on appeal merely seek to have this court reassess the weight and credibility of the evidence, which we will not do. The State presented sufficient evidence to support Saylor's convictions.

Affirmed.

Robb, J., and Altice, J., concur.