## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2020, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer D. Wilson Reagan
Greenwood, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles M. May,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 28, 2020

Court of Appeals Case No.
19A-CR-2518

Appeal from the Johnson Circuit
Court

The Honorable Andrew S.
Roesener, Judge

Trial Court Cause No.
41C01-1806-F6-467

**Mathias, Judge.**

[1] Following a bench trial in Johnson Circuit Court, Charles M. May ("May") was convicted of one count of Level 6 felony theft. May appeals and challenges the sufficiency of the evidence supporting his conviction

[2] We affirm.

## Facts and Procedural History

[3] From January 2017 to early March 2018, May worked for Thirty One Auto Group ("Thirty One"), an automobile repair shop. One of Thirty One's suppliers was AutoZone. When he worked for Thirty One, May occasionally went to AutoZone, where he interacted with Riley Shroyer ("Shroyer"), the commercial sales manager. In early March 2018, Thirty One terminated May's employment.

[4] On June 1, 2018, approximately three months after he had been fired from Thirty One, May went to AutoZone wearing a Thirty One company shirt and purchased parts for his 2006 Ford Expedition. When it came time to pay, Shroyer, assuming that May still worked for Thirty One, asked if he wanted to pay cash or charge it to "the account," referring to Thirty One's company account. May said, "F**k them. Just charge it to the account, and they can take it out of my check." Tr. p. 11. Shroyer accordingly charged the parts to the Thirty One account, and May took the parts and left the store. Shroyer later found out that May did not work for Thirty One when he purchased the parts and charged them to the account.

As a result of this incident, the State charged May on August 24, 2018, with Level 6 felony theft. A bench trial was held on August 19, 2019, at which the State presented the evidence of five witnesses.

Shroyer testified regarding the business relationship between AutoZone and Thirty One and that May charged the parts he purchased to Thirty One's account on June 1, 2018; Deputy Alex Talley ("Deputy Talley") testified that he investigated the report of theft and interrogated May. Walter Branum ("Branum"), who was May's former supervisor at Thirty One, testified that although he had occasionally authorized May to pick up parts from AutoZone, he had never authorized May to charge personal purchases to the company account; he also testified that May did not work for Thirty One on June 1, 2018. Nick Wallace ("Wallace"), another Thirty One employee, similarly testified that although he occasionally authorized May to pick up parts from AutoZone when May still worked for Thirty One, he did not authorize him to charge personal purchases to the company account and certainly did not do so after May was fired. Lastly, Thirty One's owner, Chad Stapleton ("Stapleton") testified that employees rarely picked up parts directly and that "99.9% of the time, the parts [were] delivered[.]" Tr. p. 56. Stapleton admitted that another employee may have instructed May to pick up parts but stated that May did not have authorization to charge personal purchases to the company account. He too testified that May had no authority to charge personal purchases to the account after his employment was terminated. May testified on his own behalf.

[7] At the conclusion of the evidence, the trial court found May guilty as charged. On October 14, 2019, the trial court sentenced May to two years, with one year served on work release and one year suspended to probation. The court also ordered May to pay restitution in the amount of $211.31. May now appeals.

## Standard of Review

[8] May claims that the State failed to present evidence sufficient to support his conviction. The standard of review we apply to claims of insufficient evidence is well settled:

> When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence. We consider only the probative evidence supporting the verdict and any reasonable inferences which may be drawn from this evidence. We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.

*Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied* (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)).

[9] May claims that the testimony of two of the State's witnesses, Branum and Stapleton, was incredibly dubious. Under the "incredible dubiosity" rule, an appellate court may impinge upon the fact-finder's assessment of witness credibility if the *sole* witness's "testimony at trial was so 'unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty

verdict based upon that evidence alone.'" *Carter v. State*, 44 N.E.3d 47, 52 (Ind. Ct. App. 2015) (quoting *Moore v. State*, 27 N.E.3d 749, 751 (Ind. 2015)). Incredible dubiosity is a difficult, but not impossible, standard to meet and requires ambiguous, inconsistent testimony that runs counter to human experience. *Id.* (citing *Edwards v. State*, 753 N.E.2d 618, 622 (Ind. 2001)).

## Discussion and Decision

[10] May argues that the testimony of two of the State's witnesses was incredibly dubious. The first problem with May's argument is that our supreme court has held that the incredible dubiosity rule is applicable only when there is a single testifying witness. *Moore v. State*, 27 N.E.3d at 757 (citing *Tillman v. State*, 642 N.E.2d 221, 223 (Ind. 1994)). Here, the State presented the testimony of multiple witnesses; therefore the incredible dubiosity rule is inapplicable. *See id.* But even if it were applicable, May's argument would fail.

[11] May argues that Stapleton's testimony is incredibly dubious because "he had no idea what was happening within his business." Appellant's App. at 12. May specifically refers to Stapleton's testimony that May never picked up parts from AutoZone, which directly conflicted with testimony from Shroyer, Wallace, and Branum that May was occasionally authorized to pick up parts. This inconsistency, however, does not render Stapleton's testimony so unbelievable, incredible, or improbable that it runs counter to human experience.

[12] The same is true for Branum's testimony, whose credibility, May claims, is "questioned by several facts." Appellant's App. at 13. These facts include being

absent from the shop for extended periods of time and that he and May had gotten into an argument shortly before May's termination. These issues were presented to the trial court judge, who, acting as the trier of fact, chose to credit Branum's testimony and discredit May's own testimony. The fact that Branum may have had a grudge against May does not render his testimony incredibly dubious.

## Conclusion

[13] In short, the incredible dubiosity rule is inapplicable because the State called multiple witnesses. Even if the rule were applicable, nothing about the testimony of the witnesses was incredibly dubious. Instead, May's arguments on appeal are simply a request that we assess the credibility of witnesses and reweigh the evidence, which is not our prerogative on appeal. We therefore affirm the judgment of the trial court.

[14] Affirmed.

Bradford, C.J., and Najam, J., concur.